### ROBERT BARBE v. TERRITORY OF OKLAHOMA.

(Filed September 4, 1907.)

(91 Pac. 783.)

1.  LARCENY—Indictment—Felonious Intent.  In a prosecution for larceny of domestic animals, an indictment which charges that the defendants "did then and there unlawfully, wilfully and feloniously, by stealth, take, steal and carry away, without the consent and against the will of the true owner," certain personal property "with the unlawful and felonious intent then and there" of the defendants "to deprive tne said L. C. Knee thereof and to, convert the same to their own use and benefit," sufficiently charges a felonious intent to convert.

2.  JUDGES—*Change of Judge*—Powers of Substituted Judge.  Where an application for change of judge is granted on March 22, 1905, and the ·clerk of the district court of Comanche county is ordered to notify the clerk of the supreme court at Guthrie of such change of judge; and where, on the same day, at Woodward, Oklahoma, at chambers, an order is made by the chief justice, assigning another judge to "hold the district court in the county, of Comanche * * * and to try, hear and determine any, and all cases and matters that may come before him in said, district during the absence" of the regular presiding judge therefrom—Held, the judge so assigned has jurisdiction to try, hear and determine any case or matter which may come before him while acting under such order of the chief justice.

3.  CRIMINAL    LAW—A·ccomplices—Evidence—Corroboration—Sufficiency—Larceny.  Evidence of witnesses other than accomplices examined:  Held, to be sufficient to tend to connect the defendant with the commission of the offense.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before B. F. Burwell, Trial Judge.*

Affirmed.

*Rose & Anderson,* for plaintiff in error.

*P. C. Simons, Attorney General,* and *Don C. Smith, Assistant,* for defendant in error.

Opinion of the court by

GARBER, J.: The plaintiff in error, jointly with Charles Barbe, J. Stien, and Roy Barbe, was indicted by a grand jury of Comanche county, charged with the larceny of certain domestic animals. A demurrer to the indictment being overruled, upon application, a change of judge was granted, and also a separate trial for each defendant. On the 24th day of March, 1905, the jury returned a verdict finding the defendant guilty of stealing domestic animals as charged in the indictment. A motion for a new trial having been overruled, the defendant was sentenced to imprisonment in the territorial prison at Lansing, Kansas, for a period of eight years. From that judgment, plaintiff in error appeals, and asks a reversal thereof upon three assignments of error, viz.: First, the demurrer to the indictment should have been sustained. Second, the court was without jurisdiction. Third, the evidence was insufficient to support the verdict.

The first two assignments of error upon the same state of facts having been passed upon by this court in a very able opinion by Mr. Justice Pancoast in the case of *Charles Barbe* (one of the persons jointly indicted with the plaintiff in error in this case) *v. Territory,* 16 Okla. 563, 86 Pac. 61, renders a restatement of those questions raised by the assignment of error and conclusions of law thereon at length unnecessary at this time. In that case, as in this, it was urged that the indictment did not charge that the property was taken with the felonious intent to convert. The indictment charged that the defendants Charles Barbe, J. Stien, Robert Barbe, and Roy Barbe, then and there being, did, then and

there, unlawfully, wilfully, and feloniously, by stealth, steal, take, and carry away, without the consent, and against the will of the true owner, two cows and eight steers and six young cows, the personal property of L. C. Knee, with the unlawful and felonious intent, then and there, of them, the said Charles Barbe, J. Stien, Robert Barbe, and Roy Barbe, to deprive the said L. C. Knee thereof, and to convert the same to their own use and benefit. In passing upon the sufficiency of the indictment Justice Pancoast, speaking for the court, said: "We are of the opinion that the indictment in this case fills the requirements of the law under the rule there enunciated. The unlawful and felonious taking, the unlawful and felonious intent to deprive the owner of the property and to convert the same to the taker's use, are allegations which are all contained in this indictment."

The second assignment of error in that case, as in this, challenged the jurisdiction of the chief justice to issue an order, while holding court at chambers, at Woodward, Oklahoma, designating Honorable Benjamin F. Burwell, associate justice of the supreme court, and presiding judge of the Third judicial district, to hold the district court of the county of Comanche of the Seventh judicial district, and to try, hear, and determine any and all cases and matters that might come before him in said Seventh district during the absence of the Honorable F. E. Gillette, the regular presiding judge, therefrom, for the reason that there had been no time sufficient for the clerk of the district court to transmit to the clerk of the supreme court at Guthrie a certified copy of the order granting a change of judge, and that the chief justice issued the order designating a judge without sufficient notice, it appearing that the change of judge was granted on March 22, 1905, and that the order issued by the chief justice was issued on the same day. In passing upon that question Justice Pancoast, speaking for the court, said: "While the statute provides that notice of an order granting a change of judge shall be transmitted to the clerk of the supreme court and shall be by him immediately presented to the

court, if in session, or, if not, then to the chief justice, yet we are of the opinion that this provision is not the only one that may be pursued. The only purpose of this act is to give notice to the supreme court, if in session, or to the chief justice, if the court is not in session, that an order for a change of judge has been made; but if the court, if in session, or the chief justice, if the court is not in session, receives notice of such order in any other manner, we think the right clearly exists to act upon the notice, if the order for a change of judge has, in fact, been granted. The manner of giving or acquiring notice of the order granting a change of judge is not jurisdictional."

The remaining assignment of error is that the evidence was insufficient, and that the court should have sustained the motion of the plaintiff in error to instruct the jury to return a verdict of acquittal. It is claimed that the conviction was secured upon the testimony of accomplices, which was not corroborated by such other evidence as tended to connect the defendant with the commission of the crime; it being admitted that the testimony of the accomplices was amply sufficient to support the verdict, if sufficiently corroborated. An examination of the record reveals, not only the commission of this crime by the defendant, but ample corroboration thereof. Dr. L. C. Knee, the owner of the cattle, testified that he saw the defendant and others in a pasture about five miles southeast of Lawton on the day preceding the night they were stolen, April 24th. Mrs. Frances Davis testified that the defendant and his wife, and other parties, who were subsequently convicted of the stealing of these same cattle, were at her house on April 24th, and that the defendant, with other parties, left her house that evening, and did not return until the next morning, at about seven or eight o'clock. John Burton testified that he saw the defendant with other persons, driving the stolen cattle along about sundown in the direction of the ranch or big pasture where the defendant kept his cattle. George M. Rattan testified that he trailed the cattle into the mountains and found them among defendant's cattle

on April 29th. From this brief statement of the substance of the testimony of disinterested witnesses, and from a careful reading of the entire record, it clearly appears that there was sufficient corroborating evidence tending to connect the defendant with the crime of which he was convicted and sentenced, and, when the corroborating evidence tends to connect the defendant with the commission of the offense, the requirements of the statute have been fully satisfied.

It clearly appearing that the defendant has had a fair and impartial trial, and that the evidence is amply sufficient to sustain the verdict, the judgment of the distruct court of Comanche county will be affirmed.

Burwell, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.