## JESSE STEELE v. STATE.

No. A-4292.    Opinion Filed Dec. 2, 1924.
(230 Pac. 760.)

(Syllabus.)

1.  **Evidence—Proof of Venue.** The venue of a criminal action does not have to be proved beyond a reasonable doubt. Where there is evidence in the record, uncontradicted, from which the jury was authorized to find that the alleged crime was committed in the county where the trial took place, proof of venue is sufficient.

2.  **Appeal and Error—Trial—Reversal for Contradictory and Confusing Instructions.** The use of double negatives should not be employed in instructions. The court should confine itself to an affirmative statement of the law in stating the state's side of the case. Where the principal instruction defining the offense and the burden of the state to prove the guilt of the accused is apparently contradictory, vague, indefinite, and confusing, and the evidence of the accused's guilt is wholly circumstantial, and of an unsatisfactory nature, and falls short of proving overt acts on the part of the accused toward the commission of the crime charged, the judgment will be reversed.

Appeal from County Court, Major County; Harry Randall, Judge.

Jesse Steele was convicted of unlawfully manufacturing intoxicating liquors, and he appeals. Reversed and remanded.

In Steele v. State, 25 Okla. Cr. 226, 219 P. 429, this court dismissed this appeal for the reason that the petition in error and case-made were not filed within 60 days from judgment, and no order extending the time appeared in the record.

On January 12, 1924, the county court of Major county, upon a hearing had on the application of the plaintiff in error to correct the order made by said court on January 28, 1922, entered a nunc pro tunc order correcting said order of January 28th, showing that in truth and in fact an order was then made extending the time within which to take, file, and perfect the appeal for sixty days beyond and from the expiration of the statutory period of 60 days. Thus, this defendant had 120 days from judgment within which to file his petition in error, and this court had already found that the same was filed 118 days from the rendition of judgment. The Attorney General and plaintiff in error filed in this court a stipulation to the effect that such nunc pro tunc order was made by the county court of Major county, after a hearing duly had, and that Exhibit A thereto attached was a full, true, and correct copy of said order now on file in the county court of Major county, and further stipulated that said Exhibit A shall, for all purposes of this appeal, be considered a part of the case-made, the same as though said case-made had been withdrawn and corrected under an order of this court, and that said order was necessary to correct the former order of said court, and make the same speak the truth.

This stipulation and correction of the record in this manner is specifically permitted and provided for in section 786, C. O. S. 1921.

The assignments of error are as follows: The trial court erred in overruling the demurrer of plaintiff in error to the evidence offered by the state. (2) The said court erred in giving instruction No. 1. (3) The said court erred in giving in-

struction No. 2. (4) The said court erred in giving instruction No. 5. (5) The said court erred in giving instruction No. 6. (6) The said court erred in giving instruction No. 7. (7) The said court erred in refusing to instruct the jury to return a verdict of not guilty. (8) The said court erred in overruling the motion of plaintiff in error for a new trial.

Harris, Spielman, Thomas & Harris and C. B. Wood, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

MATSON, P. J. (after stating the facts as above). The first assignment of error, to wit, that the trial court erred in overruling the demurrer of the plaintiff in error to the evidence offered by the state, is based largely on the failure of the State to prove the venue of the prosecution to have been in Major county.

The only evidence on the question of venue is to the effect that the still in which it was contended the whisky was manufactured was found in Major county on the farm of the defendant, and also that the home place of the defendant was located in Major county, but there is some evidence to the effect that the defendant owned other farms than the one on which he lived, and that these farms were west of where the defendant lived, and that the still was found on one of these other farms. While the venue of the action, perhaps, cannot be said to have been proved beyond a reasonable doubt, this court has held that venue does not have to be proved beyond a reasonable doubt. Fuller v. Territory, 2 Okla. Cr. 86, 99 P. 1098; Gritts v. State, 6 Okla. Cr. 534, 118 P. 673, 120 P. 669.

It cannot be said that there is no proof of venue in this case. All the evidence on the question of venue goes to prove that the alleged crime was committed in Major county. In

the absence of any proof to the contrary, we think this proof was sufficient on the question of venue.

The second assignment of error relates to the giving of instruction No. 1, over the objection and exception of the defendant.

Such instruction is as follows:

"You are instructed that in this case the state prosecutes one Jesse Steele, by information charging that on or about the 30th day of April, in the year of 1921, the said defendant did manufacture willfully, wrongfully, and unlawfully, in this county and state, spirituous, vinous, or fermented liquor containing more than one-half of 1 per cent. of alcohol measured by volume, and the state's theory of the case is that the defendant, Jesse Steele, was an aider and abbettor in the offense of manufacturing intoxicating liquors, and, if you find from the evidence in this case beyond a reasonable doubt that intoxicating liquors were manufactured on the premises, as described in the evidence, in Major county, Okla., either by the defendant, Jesse Steele, or by Jesse Steele in conjunction with other parties, or that the said defendant, Jesse Steele, aided or abbetted other parties in manufacturing any intoxicating liquor, you will find the defendant guilty, and so say by your verdict. But in case you find from the evidence that the state has failed to prove to your satisfaction beyond a reasonable doubt that said defendant, Jesse Steele, manufactured intoxicating liquors or did not manufacture intoxicating liquors in conjunction with others, or did not aid or abet any other parties in manufacturing intoxicating liquor, it is your duty to give the defendant the benefit of the doubt, and acquit him."

The particular part of this instruction alleged to be erroneous is as follows:

"But in case you find from the evidence that the state has failed to prove to your satisfaction beyond a reasonable doubt, that said defendant, Jesse Steele, manufactured intoxicating liquors or did not manufacture intoxicating liquors in

'conjunction with others, or did aid or abet any other parties in manufacturing intoxicating liquor, it is your duty to give the defendant the benefit of the doubt, and acquit him.''

It is contended that this instruction is indefinite, vague, contradictory, and tended to confuse the jury, and to place an unfair burden of proof upon the defendant. We think the instruction is erroneous, and in this case the giving of the same is prejudicial error. It is extremely difficult to fathom just exactly what the court intended to mean by that portion of the instruction last above quoted. Certainly it was not a correct statement of the law, and tended to confuse the jury as to the quantum of proof necessary to authorize a conviction and the nature of the proof necessary, that is, as to the essential elements of the offense. The court told the jury that, in case the state failed to prove beyond a reasonable doubt that the defendant had manufactured whisky, they should acquit the defendant, and also, in case the state failed to prove beyond a reasonable doubt that he did not manufacture intoxicating liquors, they should acquit the defendant, and, in case the state failed to prove beyond a reasonable doubt that the defendant did not aid or abet others in the manufacture of intoxicating liquor, they should acquit the defendant. The statement of these negative propositions tended to make the instruction vague, indefinite, and contradictory to the other portions of the instructions which correctly stated the law. The use of double negatives should not be employed in instructions. The court should confine itself to an affirmative statement of the law in stating the state's side of the case.

The evidence in this case was entirely circumstantial. Considered in its entirely, we think it is as consistent with the innocence of the defendant as it is with his guilt. The defendant is a substantial farmer of Major county, and it appears

that in his attempt to aid the peace officers of that county in the enforcement of the prohibitory liquor law he was drawn into this prosecution because he had rented part of his land, two miles distant from his home place, to those who were jointly prosecuted with him for this crime, and had sold them some kaffir corn from which the other defendants made this whisky. The defendant explained the sale of this corn to these confessed whiskymakers, and on this trial the other defendants, who had pleaded guilty, acknowledged that this defendant had no connection with the making of the whisky, no interest in it, and that they had concealed their illegal operations from him, and had purchased kaffir corn from him under the pretense of using it for feed for their live stock. When the officers came to this defendant's home to search it they found no whisky, no evidence of the manufacture of whisky, and nothing that would indicate that this defendant was engaged in its manufacture, or had ever been engaged in it. It was then that the defendant disclosed to the officers information that led to the arrest of his codefendants and to the capture of the whisky and still. It was because the defendant gave this information, and because of the fact that these parties were operating on other premises owned by him some two miles distant from his home, and because the defendant had sold the other defendants material out of which the whisky was probably made, that led to the arrest of defendants. This was the substance of the circumstantial evidence upon which the state relied for a conviction. The defendant took the witness stand, and explained his dealings with his codefendants, and his explanation is apparently credible, and clearly exonerates him from any connection whatever with the manufacture of the whisky. His codefendants, who had pleaded guilty, and were serving their sentences, both corroborated the defendant, although it was upon his information that they were arrested and the still and whisky discovered.

Under such circumstances we think it would be a plain miscarriage of justice and a detriment to the enforcement of the prohibitory liquor laws of this state should this conviction stand. It is not the policy of the law to convict the substantial citizens of this state on evidence of this character, which at most only discloses, perhaps, a guilty knowledge of the commission of the crime without disclosure of any guilty participation in it. To make the defendant an aider and abettor in the commission of the offense, and that is the only theory upon which he could have been convicted in this case, there must be some proof of overt acts committed towards its commission by him in conjunction with the other defendants with a guilty knowledge and purpose of aiding them or encouraging them to commit the offense. The circumstantial evidence of the state falls short of such proof.

The judgment of conviction is therefore reversed, and the case remanded to the county court of Major county for further proceedings consistent with this opinion.

BESSEY and DOYLE, JJ., concur.