# CHARLEY CLOUD v. STATE.

No. A-6395. Opinion Filed Jan. 19, 1929.
(273 Pac. 1012.)

R. P. White and L. V. Reid, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Le Flore county on a charge of burglary in the second degree, and was sentenced to imprisonment for a term of two years.

The information properly charged that Calvin Johnson, Charlie Cloud, Jim Weaver, and Hardes Ingram, did in Le Flore county, and state of Oklahoma, commit the crime of burglary in the second degree. Before the beginning of the trial the defendants duly demanded a severance, which severance was granted. The state thereupon elected to try the defendant Charlie Cloud.

The defendant in his motion for new trial alleges and sets out six separate errors claimed to have been committed by the trial court. In the brief filed all the errors except three are apparently waived, since they are not discussed.

The first error relied on is error of the court in admitting the testimony of witness Calvin Johnson, whose name was not indorsed on the information. Section 2696, Comp. St. 1921, provides: That, where two or more persons are included in the same indictment or the same information, the court may at any time before the defendants have gone into their defense, upon the application of the county attorney, direct any defendant to be discharged from the indictment or information that he may be compelled to be a witness for the state.

This court, in the case of Cudjoe v. State, 12 Okla. Cr. 246, 154 P. 500, L. R. A. 1916F, 1251, held that every de-

fendant jointly indicted or informed against is charged, under the statute, with notice that the state may, if it so desires, use a codefendant as a witness against him.

In the case of Whitworth v. State, 32 Okla. Cr. 200, 239 P. 930, Judge Edwards says: "The use of witnesses in misdemeanor cases whose names have not been indorsed on the information has been held reversible error, though in felony cases the rule is different."

We therefore hold that the appearance of the name of Calvin Johnson, on the face of the information, as a codefendant, answered every requirement of the statute, and that it was not prejudicial error to allow said witness, Calvin Johnson, to testify without first having the name of such witness indorsed on the information.

The defendant's second assignment of error is that the court erred in admitting certain other testimony which was prejudicial. The state called as a witness in the trial of the case, Hardes Ingram, one of the defendants, and Tiller Stenson. The purpose of the offering of the testimony of these witnesses appeared to be to impeach the testimony of defendant Ingram.

In the case of Thomas v. State, 13 Okla. Cr. 414, 164 P. 995, this court says: "Contradictory statements made by a codefendant after the commission of the crime, not shown to have been made in the presence or hearing of the defendant being separately tried, are in no sense original evidence against the latter. Where such statements relate to material matters and proper foundation is laid, they may be shown and may be considered by the jury only for the purpose of affecting the credibility of the witness making them. And when requested it is the duty of the court to clearly inform the jury that such statements cannot be considered as independent substantive evidence against or in favor of the defendant, but only for the purpose of affecting the credibility of the witness. Refusal of the

court to instruct upon this issue after such request is error." The record discloses that the defendant made no such request, but simply objected to the introduction of evidence for any purpose and took exception to the ruling of the court.

Under the authority of the case last cited there was no error in admitting this testimony. In the absence of any request for such instruction, it was not error for the court to fail to instruct the jury that such evidence could be considered only for the purpose of impeachment. There is plenty of evidence of defendant's guilt without considering the testimony of these witnesses. And there is no reason to suppose that the jury considered this evidence in reaching its verdict, for the reason that they already had an abundance of evidence on which to base their verdict of guilty.

In the case of Carroll v. State, 24 Okla. Cr. 26, 215 P. 797, the court says: "A judgment of conviction will not be reversed solely because of the admission of incompetent testimony in rebuttal unless it appears to this court, after an examination of the entire record that the admission of such testimony has probably resulted in a miscarriage of justice or deprived the defendant of some constitutional or statutory right, to his prejudice." The second assignment of error is without merit.

The defendant's third assignment of error is that the court erred in giving instruction No. 9 as follows: "The law does not require the jury to find beyond a reasonable doubt that the testimony of an accomplice has been corroborated. All that is required is that there must be some other evidence tending to connect the defendant with the commission of the crime charged against him."

In the case of Jones v. State, 10 Okla. Cr. 216, 136 P. 182, 137 P. 121, this court says: "The law does not require the jury to find, beyond a reasonable doubt, that the

testimony of an accomplice has been corroborated. All that is necessary is that there must be some other evidence tending to connect the defendant with the commission of the crime charged against him."

It will be observed that the language used by the court in instruction No. 9 complained of is the precise language used by the court in the case of Jones v. State, 10 Okla. Cr. 216, 136 P. 182, 137 P. 121. Instruction complained of correctly states the law.

The evidence introduced on the part of the state conclusively establishes the guilt of the defendant, and a careful reading of the record shows that he received a fair trial and that no error was committed prejudicial to his rights.

The judgment appealed from is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.