## HENRY PRUITT v. STATE.

No. A-6577.   Opinion Filed July 13, 1929.
(279 Pac. 707.)

Hodge & Schenk, for plaintiff in error.

F. M. Dudley, Co. Atty., and Marvin Schilling, Asst. Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of having possession of intoxicating liquor with intent to barter, sell, give away, or otherwise furnish the same, and was sentenced to pay a fine of $50 and to be imprisoned in the county jail for 30 days. The cause is now on appeal in this court.

The first ground of error alleged by the defendant is that the arrest of the defendant was illegal and unauthorized, which rendered incompetent all the testimony introduced by the state in support of the prosecution. The evidence of the state as to the arrest was that Bob Short and Frank Jackson, deputy sheriffs, were near Pruitt City, in Carter county transporting some prisoners to the county jail, when they saw the defendant standing in the road with his foot on the running board of a car; that the officers knew Pruitt, and knew he had been handling whisky; that the car slowed down, and officer Jackson jumped off the car, and the defendant started to run and jumped a little ditch, and at that time

he saw a half gallon jar of whisky in the hands of the defendant, and ordered him to halt, and fired his revolver in the air to compel him to halt; that the defendant jumped the fence and ran down into the timber, with officers Long and Jackson both after him, and that they caught up with him less than 100 yards from the fence; that defendant was trying to break the jar containing the whisky; that the officers saw the whisky before they attempted to make the arrest; that from what the officers saw they believed the defendant was in the act of making a sale of liquor at the time they stopped to make the arrest.

This court has always held that a warrant is unnecessary to make an arrest in a misdemeanor case, where the offense is being committed in the presence of the officers. Section 7014, Comp. St. 1921; McAdams v. State, 30 Okla. Cr. 207, 235 Pac. 241. The arrest of the defendant being legal, the objection of the defendant to the admission of the state's testimony was properly overruled.

The defendant next complains that the court erred in refusing to give the following requested instruction:

"You are instructed, gentlemen of the jury, that although you may find and believe the defendant, Henry Pruitt at the time of his arrest in this case, actually had whisky in his possession with the unlawful intent to violate the law, you are not authorized to convict him, unless you further find and believe from the evidence, beyond a reasonable doubt, that the officers, Short and Jackson, did not start to make search or arrest before they saw said whisky in said defendant's possession."

This instruction did not correctly state the law of the case and was properly refused. An examination of the instructions given by the court on its own motion dis-

closes that they correctly state the law as applicable to the facts disclosed by the evidence in the case.

Finally the defendant complains of the admission of incompetent and prejudicial testimony. The officers were permitted to testify to a conversation occurring between the officers and the occupants of the car the defendant was standing near at the time the officers started to make the arrest. The officers testified that the defendant was between them and the two men in the car, and that the men in the car told the officers in the presence of the defendant that they just stopped there to get a little drink. When asked if the defendant heard this conversation, the officers said he must have, because he was between them and the men the officers were talking to.

Section 2822, Comp. St. 1921, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." Ray v. State, 35 Okla. Cr. 322, 250 Pac. 438; Neuman v. State, 35 Okla. Cr. 296, 250 Pac. 554; Edwards v. State, 9 Okla. Cr. 306, 131 Pac. 956, 44 L. R. A. (N. S.) 701.

This court has many times held that it cannot reverse cases for the admission or rejection of incompetent testimony, unless it affirmatively appears from the record that the admission or rejection of incompetent testimony probably caused a miscarriage of justice, or that

424

the defendant was deprived of a constitutional or statutory right.

The verdict of the jury is supported by sufficient evidence. The defendant was given the minimum punishment. We are unable to see how the defendant could have been in any wise prejudiced by the testimony complained of.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.