E. E. ROBINSON v. STATE.

No. A-6658. Opinion Filed August 10, 1929.
(280 Pac. 1112.)

Prentiss E. Rowe, for plaintiff in error.

W. Lee Johnson, Co. Atty., and C. E. Mitchell, Asst. Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pawnee county on a charge of unlawful transportation of intoxicating liquor, and his punishment fixed at a fine of $50 and to be confined in the county jail for 30 days.

The defendant first complains that the information is insufficient to charge an offense. The charging part is as follows:

"One E. E. Robinson a person then and there being, did then and there willfully, knowingly, unlawfully carry,

convey and transport intoxicating liquor, to wit: one pint of whisky, from some point in Pawnee County, to affiant unknown, to another point in Pawnee County, to wit, to a point in front of Ansell Gough's restaurant in the town of Ralston, etc."

The defendant contends that the information is fatally defective, in that it fails to charge that the offense was committed, if at all, anterior to the date alleged in the information; and that the information fails to allege that the whisky transported was capable of being used as a beverage. This court takes judicial notice of the fact that whisky is a beverage and is intoxicating.

In the case of Warren v. State, 24 Okla. Cr. 6, 215 Pac. 635, this court said:

"The true test of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet."

The defendant next contends that the evidence is insufficient to support the verdict of the jury. The evidence offered by the state was sufficient, if believed by the jury. The defendant admitted the possession of the bottle, but attempted to explain his possession by saying it was medicine for the wife of the man who worked in his place of business. The jury saw the witnesses, observed their demeanor while on the witness stand and their manner of testifying, and were in a proper position to weigh the evidence and judge the credibility of the witnesses. They evidently believed the witnesses for the state and disbelieved the defendant and his witnesses. It is the province of the jury to weigh the evidence and to judge the credibility of the witnesses. This court will

not reverse a case for insufficiency of the evidence, where there is any competent testimony to support the verdict.

Finally, the defendant complains of the misconduct of the county attorney. County attorneys in their zeal to enforce the law sometimes overstep the bounds of legal propriety in the conduct of their cases. In this case the county attorney offered some incompetent testimony which was promptly rejected by the trial court. He also made some remarks in the presence of the jury which were promptly challenged by the defendant, the challenge sustained by the court, and the jury admonished not to pay any attention to such remarks. This court will not reverse a case because of improper conduct of the county attorney, unless this court can see from the record that the remarks and conduct of the county attorney probably prejudiced the jury and caused a miscarriage of justice.

Under the law the jury could have fined the defendant $500 and given him six months in the county jail. Since they fixed his punishment at the minimum of 30 days in the county jail and a fine of $50, we are unable to see how the defendant could have been prejudiced by the incompetent testimony offered or by the alleged misconduct of the county attorney.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.