## L. F. BYRD et al. v. STATE.

No. A-6900.   Opinion Filed Nov. 23, 1929.
(282 Pac. 690.)

J. H. Warren, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were prosecuted in the county court of

Pushmataha county on information filed by the county attorney charging the violation of the game laws of the state, to wit, the killing of a deer. The jury returned its verdict finding the defendants guilty, and fixed their punishment at imprisonment in the county jail for 90 days. The evidence of the state is substantially that W. C. James, fire warden, met the defendants on the day alleged in the information, and that when the defendants saw him coming they began to run, and he cut them off, and commanded them to stop and that L. F. Byrd, one of the defendants, said:

"Uncle Billy, I will come clean. I have a deer but I am not able to pay for it."

This witness testified that this deer meat was in two sacks, and that he took charge of it; that he arrested the defendants, and they showed him where they threw the hide and horns in the creek, and that defendant Byrd told him it was his first one; that the offense was committed in Pushmataha county. The guns taken from the defendants were identified and exhibited to the jury. At the time this evidence was introduced the witness was dead, and his evidence was read from the testimony taken at a previous hearing in said cause. It was admitted by the defendants that the witness James was dead, and that the transcript of the evidence was correct. The testimony of this witness was corroborated by the witness, Harris. Mrs. James, the wife of the deceased witness, testified that on the 23d of February her husband brought the defendants to the James home, and that he brought two guns and venison; that the defendants had blood on their clothing and on their shoes, and that the defendant Byrd said that he sure hated it, but he killed the deer, and said that his family was on sufferance, and that he had to rustle something for them to eat. Mrs. James testified that her husband

pointed out to her the place where the defendants were arrested, and that it was about one-half mile from their house, and that their house was in Pushmataha county.

Emma James, the daughter of the deceased, corroborated the evidence of her mother, except as to the pointing out of the place. The defendants claimed that they did not kill the deer, and that the meat in the sack did not belong to them, and that they did not know anything about it. They denied that they told James, his wife, or daughter that they had killed a deer, but had been hunting hogs, and had not been in Pushmataha county until after their arrest.

The defendants first contend that the court erred in permitting Mrs. James to testify to her husband pointing out the place where he arrested the defendants, since it is impossible to tell from the record whether the husband of the witness pointed out the place where the crime was committed at that time and in the presence of the defendants or whether it occurred at some other time. If it should be said the evidence was hearsay, the defendants made no objection to its introduction, and are in no position now to complain. This court will not reverse a conviction for the admission of incompetent testimony, unless it clearly appears that the admission of such evidence has probably resulted in a miscarriage of justice, or that the defendants have been deprived of some constitutional or statutory right. Cloud v. State, 41 Okla. Cr. 398, 273 Pac. 1012; Pruitt v. State, 43 Okla. Cr. 420, 279 Pac. 707; Robinson v. State, 44 Okla. Cr. 189, 280 Pac. 1112.

The defendant next contends that the court erred in refusing to give defendants' requested instruction that, if the deer was killed in McCurtain county, then the defendants could not be convicted. The defendants in their testi-

mony each positively denied that they had killed a deer either in McCurtain or Pushmataha counties, and this eliminated all controversy as to venue. The positive evidence of the state was that the crime was committed in Pushmataha county. If the defendants had admitted the killing of the deer, but claimed that the killing was done in McCurtain county and not in Pushmataha, then there would have been an issue between the state and the defendant. Under the facts established by the evidence in this case, the defendants were not entitled to the instruction requested.

This court has repeatedly held that the venue of an offense need not be proved beyond a reasonable doubt. Cole v. State, 34 Okla. Cr. 366, 246 Pac. 653; Edwards v. State, 25 Okla. Cr. 167, 219 Pac. 427; Brunson v. State, 4 Okla. Cr. 467, 111 Pac. 988; Steele v. State 28 Okla. Cr. 335, 230 Pac. 760; Jentho v. State, 19 Okla. Cr. 435, 200 Pac. 251.

This court has also held that venue may be established by circumstantial evidence. Gritts v. State, 6 Okla. Cr. 534, 118 Pac. 673, 120 Pac. 669; Ward v. State, 13 Okla. Cr. 81, 162 Pac. 232; Edwards v. State, 25 Okla. Cr. 167, 219 Pac. 427; Nix v. State, 20 Okla. Cr. 374, 202 Pac. 1042, 26 A. L. R. 1053.

The evidence being sufficient to establish the venue and to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.