## ERNEST POTTER v. STATE.

No. A-7285.   Opinion Filed May 10, 1930.
(288 Pac. 362.)

Brown Moore and Guy L. Horton, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Payne county on a charge of unlawfully selling spirituous liquor, to wit, whisky, and his punishment fixed at a fine of $50 and imprisonment in the county jail for 30 days.

The evidence of the state shows that the defendant, who lived near the town of Yale, sold a half gallon of whisky to B. C. Adkison and one Jardot.   The state called the twelve year old son of B. C. Adkison, who testified that he drove his father's car and took him and Jardot to Potter's place; that his father was drunk in the back seat, and that Jardot got the whisky from Potter, paid $5 for

it, and that later they changed a $10 bill of his father's and gave Jardot $2.50. When Adkison was arrested for being drunk, the boy took the officers out to defendant's place and showed them where they bought the whisky.

Of course the defendant denied that he saw the parties or sold them any whisky.

The defendant first contends that the court erred in permitting the state to amend the information after the jury was impaneled and before evidence was introduced by permitting the state by interlineation to insert the words, "and Herman Jardot" following the name of B. C. Adkison. In the case of Rich v. State, 46 Okla. Cr. 242, 284 Pac. 903, this court fully discusses the question raised by defendant and it was there said: "That the information may be amended in substance at any time after the trial begins with leave of court, if no prejudice thereto results to the defendant." The court there cited numerous decisions of this court supporting that rule.

Defendant next contends that the court erred in not arraigning him upon the amended information and forcing him to trial over his objections. The amendment of the information was not of such a nature as to require a rearraigment or a continuance of the case.

The defendant next contends that there was a fatal variance between the amended information and the proof, in that the proof tended to show that there were two Jardots, Gus and Herman, being father and son. The witnesses for the state said that they had been mistaken in the name, and that they had always heard this man called Herman, while the evidence of the defense was that his name was Gus. The proof of the state showing that a sale had been made to B. C. Adkison, that was sufficient to support a conviction. Shuford v. State, 4 Okla. Cr.

513, 113 Pac. 211; Wheatcraft v. State, 32 Okla. Cr. 379, 240 Pac. 753.

Defendant next contends that the court erred in admitting incompetent evidence. On cross-examination of the witness Jewel Adkison, the defendant undertook to show that B. C. Adkison, the man who purchased the whisky, had stayed away from the trial to avoid prosecution, and that the boy was testifying against the defendant in order to save his father from prosecution. Thereupon the court permitted the state to introduce the subpoena issued for Adkison and the certificate of a doctor showing that he was sick and unable to be present, as establishing the reason for the absence of the witness who had purchased the liquor. While it was not necessary for the state to show any reason for the absence of the man who had purchased the liquor, the defendant could not have been injured thereby. This court has repeatedly held that it will not reverse a case for the admission of incompetent evidence, unless it clearly appears that the admission of such incompetent evidence has probably caused a miscarriage of justice or deprived the defendant of a constitutional or statutory right. Byrd et al. v. State, 45 Okla. Cr. 238, 282 Pac. 690; Cloud v. State, 41 Okla. Cr. 395, 273 Pac. 1012; Pruitt v. State, 43 Okla. Cr. 420, 279 Pac. 707; Robinson v. State, 44 Okla. Cr. 189, 280 Pac. 1112.

The defendant was accorded a fair trial, and the evidence supports the verdict of the jury. The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.