## HOMER COATNEY v. STATE.

No. A-7963.   Aug. 28, 1931.
Rehearing Denied Sept. 5, 1931.
(2 Pac. [2d] 604.)

L. M. Gensman, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed. Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of the crime of perjury, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

The evidence of the state was that the defendant was charged in the county court of Comanche county with the crime of transportation of intoxicating liquor; that said cause was called for trial and was being tried in said court; that the defendant was duly sworn by the court clerk of said county to testify in said trial in his own behalf, and testified as follows:

"Q.  After you turned west and got down to the road and went west, did you at any time throw any whisky out of that car?  A.  No, sir.  Q.  Did anybody in the car throw whisky out of that car?  A.  No, sir.  Q.  Did anybody in the car throw it out?  A.  No, sir."

That said evidence was material in the trial of said case and was false and untrue and known by the defendant to be false and untrue at the time he gave the same.

Thereupon the state called the officer who arrested defendant, who testified that he pursued this car and arrested him, and that whisky was being poured out of the car and flew back in his face; that a jar was thrown out of the car, and that when he succeeded in stopping the car there was a fruit jar lid in the car with some whisky in it, and that this lid fitted the jar thrown out of the car; that defendant was driving the car; that the floor and the right-hand side of the car were saturated with whisky.  This officer was corroborated by the testimony of two officers who came to assist him.

72

Defendant did not take the witness stand.

Defendant complains first that the court erred in permitting the state to amend the information.

The amended information was filed on the 11th day of March. Trial was had on the 31st day of March. The original information set out the evidence of the defendant as follows:

"Q. After you turned west and got down to the road and went west, did you at any time throw any whisky out of that car? A. No sir. Q. Did anybody in the car throw it out? A. No, sir."

The language in the amended information was:

"Q. After you turned west and got on down the road and went west, did you at any time throw any whisky out of that car? A. No, sir. Q. Did anybody in the car throw whisky out of that car? A. No, sir. Q. Did anybody in the car throw it out? A. No, sir."

Section 2512, C. O. S. 1921, provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit." Elkins v. State, 29 Okla. Cr. 175, 233 Pac. 491; Orum v. State, 45 Okla. Cr. 193, 282 Pac. 899; Rich v. State, 46 Okla. Cr. 242, 284 Pac. 903; Potter v. State, 47 Okla. Cr. 254, 288 Pac. 362.

It was not error for the trial court to permit the state to amend the information.

Defendant next contends that the court erred in giving an oral instruction to the jury.

It appears from the record that the court gave the regular written instructions, and that the jury retired to consider their verdict. That later, through the bailiff, they made known to the court their desire to be brought into court, whereupon they were brought in, the defendant and his counsel being present, the state being present by the county attorney, and the following proceedings were had:

"By the Court: I understood you wanted to ask a question. Juror: Judge, there seems to be a question as to the meaning of the word 'throw'—some seems to think there is a question as to the meaning of the word 'throw'. If a man would kick it out or push it out or drop it out or some other way besides throw it out, would that be the same as throwing it out of the car? By the Court: I take it it would mean the same thing, anyway he got it out of the car. Juror: He is asking the direct question, Judge, if you will excuse me. By the Court: Suppose if it were pushed out, it would be the same thing; if it were pushed out or shoved out it would be the same thing, or dropped out, it would be the same thing as thrown out, or if it were kicked out or pushed out. Juror: If it was poured out on the floor board would that be the same thing as being thrown out, according to the way the question was asked? By the Court: Let me see what the question was. Do you have the instruction with you? Juror: Yes, sir. By the Court: Under the question there I would say if someone were to pour it out like taking a dipper or something of that kind, pouring it out the window, it would be throwing it out. For instance if someone dumped out—if someone took a bottle of whisky and poured it out the window, that would be throwing it out, throwing it out the window. I am not saying as to whether he did anything like that; I am not passing on the guilt or innocence, I am just merely talking as to whether the taking and pouring it out a window would constitute a throwing out. It would. I will make that of record so if I am wrong the matter may be taken

up on appeal. By Mr. Gensman: To which the defendant objects as to form and as to the law therein stated. The Court: Overruled. Mr. Gensman: Exception. Hereupon the jury retired, in the custody of the sworn bailiff, for further deliberation."

The explanation given by the court was of the meaning of the word "throw." According to Webster's New International Dictionary, this word when used in connection with the word "out" means to cast out, to reject, to discard, to expel, and the meaning of the word given by the court would come within the terms of this definition. The court did not attempt to pass upon or express any opinion as to whether such act had been committed; told the jury that he was not saying whether defendant did anything like that, and that he was not passing upon his guilt or innocence. This explanation was certainly not such as required or amounted to the giving of an instruction. While the defendant took exception to the court's explanation, he did not state his reason for objecting that the instruction was oral and he did not present this question to the court in his motion for a new trial and does not allege it as a ground of error in this court.

In Rea v. State, 3 Okla. Cr. 281, 105 Pac. 386, 106 Pac. 982, this court, in substance, said error of the trial court in giving instructions orally will not be reviewed on appeal, unless presented to the trial court in motion for a new trial.

In Bird v. State, 22 Okla. Cr. 268, 210 Pac. 925, 926, in the body of the opinion, this court said:

"While ordinarily we do not mean to approve of the giving of oral explanations of written instructions, pending the deliberations of the jury, yet under the circumstances here, where there were no specific objections to the giving of oral explanations, and where the explana-

tions given did not amount to a material modification of the written instructions, the irregularity will be considered as waived."

Defendant next contends that the court erred in refusing him additional peremptory challenges.

The record discloses that one Kinsey was called into the jury box, and on his examination it developed that he was a candidate for sheriff. Thereupon, the defendant challenged him for cause, which the trial court denied.

Thereupon Fred Heinz was called into the jury box, and on his voir dire examination it developed that he had served as a juror in the federal court several years prior to being called, in a case where defendant was being tried in the federal court, but that the offense was not the same as the one charged now. Thereupon, defendant challenged the juror for cause, which was denied by the court.

Before the jury was finally impaneled, these prospective jurors were peremptorily challenged by defendant, and other jurors were called into the box, after which defendant used all of his peremptory challenges. There is nothing in the record to indicate that any objectionable juror was forced upon the defendant, and nothing to indicate that the rights of the defendant were prejudiced by refusal to grant additional peremptory challenges.

Defendant next complains of misconduct of the county attorney in his argument to the jury.

Only a part of the argument is taken. It appears from the part taken that the state was answering argument previously offered by defendant's counsel as to certain witnesses. Defendant contends that this argument indirectly referred to the fact that defendant had failed

to take the witness stand. The argument is not subject to this criticism.

Defendant complains of other errors, but they are all without substantial merit.

For the reasons stated, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.