## DAVID L. HADLEY v. STATE.

No. A-8035.   Dec. 17, 1931.

(6 Pac. [2d] 451.)

424

H. Tom Kight and W. T. Drake, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Wagoner county of the crime of manslaughter in the first degree in the killing of Jack Batt, and his punishment fixed by the court at imprisonment in the state penitentiary for a period of 50 years.

The evidence of the state was that the defendant and Bud Conley had been drinking; that on the public highway they met Jack Batt, who was an Indian preacher; that defendant assaulted Batt with his fists, and in the fight which followed defendant killed Batt by striking him over the head with a car axle.

Defendant admitted the fight with Batt, but claimed that Conley struck him over the head with the car axle.

Defendant's first contention is: "That the offense was committed by Conley and not Hadley, because of the fact that Conley was accused by Hadley to Mrs. Manse Brown, and because of his conversation to Mrs. Manse Brown, and further, because of his conduct and sayings on the date that the crime was committed."

In Johnson v. State, 22 Okla. Cr. 332, 211 Pac. 425, this court said:

"Where there is substantial evidence to show the guilt of the defendant, this court will not weigh the suffi-

ciency of the evidence to sustain a conviction, but will consider the whole evidence to ascertain whether a conviction is founded on substantial evidence.

"The jury are the exclusive judges of the credibility of witnesses and the weight to be given their testimony, and a verdict of conviction will not be reviewed on appeal on arguments directed to the credibility of witnesses or the weight to be given their testimony."

The contention that the evidence is insufficient is not supported by the record. On the contrary, there is an abundance of evidence to establish the guilt of the defendant beyond a reasonable doubt.

Defendant next contends that he was prevented from having a fair and impartial trial because of misconduct of the county attorney in his opening statement and argument to the jury.

An examination of the record discloses first that objection to much of the argument complained of was overruled by the court for the reason that the county attorney was answering argument already made by defendant's counsel. In the few instances where this was not true, the court promptly sustained objections of defendant and admonished the jury not to consider the same.

When all of the record is considered, it is apparent that the defendant was not prejudiced by this argument, since the jury did not fix the punishment but merely found defendant guilty, and the evidence would have justified a verdict of murder instead of manslaughter.

Defendant next contends that the court erred in its refusal to give certain requested instructions upon the necessity of Conley, the accomplice, being corroborated. The particular complaint of defendant under this assignment is that the court should have told the jury, "Some

other evidence which is believed and accepted by you beyond a reasonable doubt tending to connect the defendant with the commission of the crime charged against him."

The instruction given by the court on its own motion is in substance that approved by this court in Hendrix v. State, 22 Okla. Cr. 230, 210 Pac. 734, and Cloud v. State, 41 Okla. Cr. 395, 273 Pac. 1012.

The instruction given by the court covered the law of corroboration. It was not error therefore for the trial court to refuse defendant's requested instruction on the same subject.

Defendant complains of other errors, but none of them are sufficient to require a separate discussion in this opinion nor a reversal of the case.

The crime committed is a most brutal one. Deceased, who was an Indian preacher, was returning to his home from services he had been conducting that day, when he was assaulted, kicked, and beaten to death by defendant and Conley. Conley confessed his part of the crime and testified for the state. He was later tried and convicted, the jury fixing his punishment at imprisonment in the state penitentiary for four years.

Defendant argues that imprisonment in the state penitentiary for 50 years is excessive in his case. Considering the nature of the crime and the part defendant played in it, he was fortunate to escape a conviction for murder.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without substantial merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.