# CHESTER JENNINGS v. STATE.

No. A-10705.    April 16, 1947.

(179 P. 2d 693.)

Owen F. Renegar, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Warren H. Edwards, Co. Atty., of Oklahoma City, for defendant in error.

BAREFOOT, P. J.    Defendant, Chester Jennings, was charged in the district court of Oklahoma county by

indictment with the crime of robbery with firearms; was tried, convicted of robbery as an included offense, and was sentenced by the court to serve a term of five years in the State Penitentiary, and has appealed.

The brief of defendant filed in this case does not comply with rule 7 of the court, which requires the brief of plaintiff in error to contain:

"* * * a specification of errors relied upon, specifically and particularly setting out each error asserted and intended to be urged. * * *"

A compliance with this rule is of great assistance to the court in consideration of the case on appeal.

Defendant in his brief states:

"We would first call the attention of the court to the insufficiency of the evidence and most respectfully insist that there is a total failure of proof that would warrant a conviction of this plaintiff in error of the crime charged."

Under this contention, it is urged that there is no proof of the use of firearms. Defendant was charged under Tit. 21 O. S. 1941, § 801, which is as follows:

"Any person or persons who, with the use of any firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the State Penitentiary, for a period of time of not less than five years, at the discretion of the Court, or the jury trying the same."

It has been held by this court that "robbery" and "conjoint robbery" are included offenses under this stat-

ute. Patterson v. State, 78 Okla. Cr. 244, 147 P. 2d 179; Winfield v. State, 18 Okla. Cr. 257, 191 P. 609.

The court so instructed the jury, and further instructed them that the evidence did not show the use of firearms, and that defendant could not be convicted of robbery with firearms, but only of the included offense of robbery accomplished by means of force or fear. The jury properly convicted the defendant of this offense.

It is next contended that the evidence was insufficent for the reason that it showed that only larceny from the person, and not robbery had been committed. The argument to support this contention is really unique. The evidence revealed that defendant and his codefendant had seen the prosecuting witness at a night club in Oklahoma City, and he had displayed before them a large sum of money. They waited outside the night club, and followed the prosecuting witness when he left. When the prosecuting witness parked his car on the country road, the defendant and his codefendant went up to where the car was parked and the codefendant ordered the prosecuting witness to come out of the automobile with his hands up. The prosecuting witness complied with this request, and as he got out of the car, said, "Fellow, I know you"; and at that time the codefendant hit him over the head with an iron bar, and knocked him unconscious, and they then took from his pocket a billfold with a large sum of money. The defendant and his codefendant later divided this money. It is contended by defendant by reason of the prosecuting witness being unconscious at the time the money was taken from his person, he could not have been "in fear" as provided in the robbery statute, and that the crime committed was larceny from the person, and not robbery. The Assistant Attorney General, who prepared the brief

for the state in this case, in commenting upon this contention very aptly states:

"In other words, if you want to rob a man, be sure you don't say anything to him, but simply knock him cold, and then remove the money from his person. You will not thereby commit the crime of robbery."

Defendant complains that he was convicted to a great extent by reason of the testimony of his codefendant, who testified for the state, and that he was an accomplice, and the court did not properly instruct the jury as to his testimony.

It may be stated that defendant at no time presented a requested instruction as to this testimony, and, further, that the state did not rely in whole upon the testimony of the accomplice, but there is an abundance of evidence in the record to convict the defendant. Barbe v. Territory, 19 Okla. 119, 91 P. 783; Cloud v. State, 41 Okla. Cr. 395, 273 P. 1012; Jones v. State, 10 Okla. Cr. 216, 136 P. 182, 137 P. 121; McLaughlin v. State, 18 Okla. Cr. 627, 197 P. 717; Perry v. State, 74 Okla. Cr. 234, 125 P. 2d 219; Hufford v. State, 61 Okla. Cr. 141, 66 P. 2d 529; Scott v. State, 72 Okla. Cr. 305, 115 P. 2d 763.

Finding no error in the record, the judgment and sentence of the district court of Oklahoma county is affirmed.

JONES and BRETT, JJ., concur.