**Louis LINSCOMB, Jr., Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–75–813.**

Court of Criminal Appeals of Oklahoma.

April 5, 1976.

W. L. Funk, Asst. Public Defender, for appellant.

Larry Derryberry, Atty., Gen., Robert L. McDonald, Asst. Atty. Gen., Mary Ann Karns, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Louis Linscomb, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–387, for the crime of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at twenty-five (25) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Mr. Ozzie Johnson testified that on December 17, 1974, he left his apartment at approximately 3:00 p. m., and when he returned about three hours later, he discovered that the knob on his apartment door had been broken and that his AM/FM transistor radio was missing from his apartment. He further testified that he had not given anyone permission to enter his apartment or take the radio.

Ms. Barbara Denton then testified that she lived in the apartment located directly beneath that of Mr. Johnson, and on December 17th she observed Mr. Johnson leave the apartment building. A few minutes later an individual, whom she identified in court as the defendant, drove up in a light blue Volkswagen, parked, left the car, and entered the apartment building. She heard him go up the stairs to the second floor, heard a loud noise, then heard someone walking about in Mr. Johnson's apartment. Within five minutes she observed the defendant leave and stated that he was carrying an object she could not identify, in his left arm.

Oklahoma City Police Officer Lawrence Johnson testified that he arrested the defendant on January 29, 1975, when defendant identified himself as the owner of a light blue Volkswagen parked at 3600 Stanton Drive. Officer Johnson had been called to that address by Officer Austin who told him it was the Volkswagen involved in the burglary.

Officer James Austin then testified that he lived across the hall from Mr. Ozzie Johnson and that on December 17, 1974, he left his apartment before noon, at which time there was no damage to the door of Ozzie Johnson's apartment, but when he returned after 6:00 p. m., the door had been damaged.

The defendant testified in his own behalf and admitted being at the apartment building on December 17, 1974, but stated he was looking for an automobile mechanic who he thought lived in the apartment building. He said that he knocked at three doors, but did not go to the door of Barbara Denton. After he knocked at the door of Mr. Johnson he started back down the stairs, but returned to that apartment because he thought he heard someone coming to the door. When no one came, he left. He stated he did not enter any apartment nor did he take anything from the building. On cross-examination he admitted having been convicted twice of Burglary and once for Receiving Stolen Property.

The sole assignment of error urged on appeal is that the trial court erred when he gave the jury further instructions after they retired to deliberate. After a careful reading of the Court's remarks, we find they fall into two areas: (1) those made in response to the jury's inability to agree; and (2) those made as clarification of the circumstantial evidence instruction. These remarks were made in open court, in the presence of defendant, his counsel and the prosecutor, all as required by 22 O.S.1971, § 894.

As to those remarks made in response to the jury's inability to agree, we find nothing that is prejudicial. There was no hint of the court's opinion of defendant's guilt or innocence and he was careful to caution the jury against putting any interpretation on the remarks he had made. It was the court's duty to ascertain whether there was a probability of the jury's reaching a verdict so that he could exercise his discretion by either dismissing

the jury or requiring them to continue. In *Reed v. State*, Okl.Cr., 335 P.2d 932 (1959), we adopted the general rule as set out in 15 Am.Jur. § 422:

"It is obvious that the court must determine when a disagreement, sufficient to justify discharge of the jury exists. The length of time during which they must deliberate and the exact circumstances warranting the conclusion that they have failed to agree in a given case are [as a] necessity, matters resting largely within the sound discretion of the court. Hence, no specific proof can be designated, nor any adequate rule be laid down, to control the discretion; and unless it appears to have been grossly abused, the objection is not a ground[s] for reversal."

In the instant case, the court was required to inquire of the jury in order to make a proper decision in this regard.

Further, when the court inquired of the jury as to the numerical division of the jury, this was a proper question in order that he might determine whether to dismiss them or require them to continue. Such was done and approved by this Court in *Montgomery v. State*, 19 Okl.Cr. 224, 199 P. 222 (1921), and *Highfill v. State*, 26 Okl.Cr. 420, 224 P. 729 (1924).

The additional instruction given by the court was merely a clarification of the written Instruction Number 6 regarding circumstantial evidence, and made no material alterations in that instruction, therefore no prejudice to defendant resulted despite the fact that the instruction was not reduced to writing. As the State, in its brief, pointed out, the instant case is similar to *Young v. State*, Okl.Cr., 357 P.2d 562 (1960), where the jury asked for, and received, clarification of an instruction. There we cited with approval the following language from *Bird v. State*, 22 Okl.Cr. 263, 210 P. 925 (1922):

"While ordinarily we do not mean to approve of the giving of oral explanations of written instructions, pending the deliberations of the jury, yet under the circumstances here, where there were no specific objections to the giving of oral explanations, and where the explanations given did not amount to a material modification of the written instructions, the irregularity will be considered as waived."

Also see *Coatney v. State*, 52 Okl.Cr. 70, 2 P.2d 604 (1931) and *Townsend v. State*, 37 Okl.Cr. 76, 256 P. 942 (1927).

For all of the above and foregoing reasons, we are of the opinion that the defendant's sole assignment of error is wholly without merit, and the judgment and sentence appealed from is accordingly, *AFFIRMED*.

BRETT, P. J., concurs in results.

BLISS, J., concurs.