William Dee ELLIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–908.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1977.

John T. Elliott, Public Defender, Oklahoma County, Frank Muret, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James W. McCann, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, William Dee Ellis, hereinafter referred to as defendant, was charged with the offense of Robbery with Firearms, in violation of 21 O.S.Supp.1973, § 801, and

was tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–3989. Pursuant to the jury's verdict, the defendant was sentenced to serve a term of five (5) years in the Oklahoma State Penitentiary. From said judgment and sentence, the defendant brings this appeal.

According to the evidence adduced at trial, the defendant entered LeBows Cleaners at 4:40 p. m. on October 16, 1975. The defendant pointed a gun at Becky Cosby, a clerk at the store, and told her that it was a robbery. She handed him $50.00, and he walked away. Subsequently she notified the police.

On the following Monday or Tuesday, Ray Overton, a detective with the Del City Police Department, Del City, Oklahoma, showed nine or ten photographs of men to Ms. Cosby and asked her if she could identify the men who robbed the store. She identified the defendant. She also identified the defendant in a line-up at the Midwest City Police Department, Midwest City, Oklahoma, on October 24, 1975.

Defense witnesses, including the defendant's mother and sister and a friend of the defendant's mother, testified that the defendant was attending a party at his mother's house in Bethany, Oklahoma, at the time of the robbery.

The defendant's first assignment of error is that he was deprived of a fair trial as a result of improper cross-examination of defense witnesses by the prosecutor. The particular questions posed by the prosecutor which are in controversy concern the relationships of the witnesses to the defendant and any bias resulting therefrom. The defense witnesses were the defendant's sister and mother, and the mother's friend. We note first that we previously held that the extent of cross-examination is largely within the discretion of the trial court, and a ruling will not be reversed unless it is shown that the court abused such discretion. *Delaney v. State*, Okl.Cr., 507 P.2d 564 (1973), *Culpepper v. State*, Okl.Cr., 507 P.2d 561 (1973), and *Withers v. State*, Okl. Cr., 507 P.2d 552 (1973). A careful review of the record reveals that the court did not abuse its discretion in this case. It was certainly proper for the prosecuting attorney to question the defense witnesses as to any bias which could result from their relationship with the defendant. This questioning was an appropriate use of cross-examination concerning the credibility of the witnesses. Therefore, this assignment of error is without merit.

Secondly, the defendant contends that the trial court committed error in its Fifth Instruction to the jury, which is a verbatim recitation of 21 O.S.Supp.1973, § 801. The defendant complains that the Instruction improperly refers to the discretion of the trial court or the jury to assess the punishment. An examination of the record reveals that the defendant failed to object to any of the Instructions given at trial. Defense counsel also failed to request any Instruction in writing. Therefore, barring any fundamental error in the Instructions, the defendant has waived any objection to the Instructions. *Mathes v. State*, Okl.Cr., 552 P.2d 415 (1976); and *Meekins v. State*, Okl.Cr., 420 P.2d 267 (1966). There is no fundamental error in the Instruction No. 5, as it adequately states the law applicable to the issues presented by the evidence. Further, it is frivolous to contend that the jury was unaware of its duty to assess punishment. Instruction No. 10 clearly informs the jury of their responsibility and the jury did, in fact, assess punishment. Hence, this assignment of error has no merit.

The third assignment of error is that the trial court coerced the jury into reaching a verdict. The record reveals that the jury retired to deliberate for about 51 minutes prior to breaking for lunch. Upon returning from lunch, the jury deliberated for about 30 more minutes. Then the jury sent a note to the Judge saying that they needed to come back into the courtroom. The jury returned to the courtroom and, in the presence of the defendant, counsel for the defense, and counsel for the State, the jury foreman announced that the jury could

not reach a verdict. The judge asked the foreman about the numerical division on the jury, and the foreman replied that they were deadlocked at 6 and 6. The judge told the jury that they had not deliberated long enough and sent them back into the jury room for further deliberation. Neither the counsel for the State nor the counsel for the defense objected to the court's order to the jury to deliberate further.

After having carefully examined the record, we find that the trial court's remarks were not coercive. The remarks were made in the presence of the defendant, defense counsel, and the prosecuting attorney in compliance with 22 O.S.1971, § 894. Further, the remarks were not prejudicial in any way, but merely were expressive of the court's opinion that the jury should deliberate further. In *Linscomb v. State*, Okl.Cr., 545 P.2d 1272 (1976), this Court cited favorably the case of *Reed v. State*, Okl.Cr., 335 P.2d 932 (1959), wherein we adopted the general rule as set out in 15 Am.Jr., § 422, page 87:

> "It is obvious that the court must determine when a disagreement, sufficient to justify a discharge of the jury exists. The length of time during which they must deliberate and the exact circumstances warranting the conclusion that they have failed to agree in a given case are, of necessity, matters resting largely in the sound discretion of the court. Hence, no specific period can be designated, nor can any absolute rule be laid down, to control this discretion; and unless it appears to have been grossly abused, the objection is not a ground for reversal. . . ."

We find that the Court did not abuse its discretion in this case, and the defendant's contention that the verdict was coerced is without merit.

For the foregoing reasons, it is our opinion that the judgment and sentence appealed from should be, and the same is, hereby, *AFFIRMED*.

BRETT, J., concurs.