## LORRAINE PETREE v. STATE.

No. A-9875. July 30, 1941.

(115 P. 2d 921.)

Baker H. Melone, of El Reno, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and W. L. Funk, Co. Atty., of El Reno, for defendant in error.

BAREFOOT, P. J. The defendant, Lorraine Petree, was charged in the district court of Canadian county with the crime of selling intoxicating liquor, to wit: one-half gallon of Choctaw beer, to one Weldon Smith, a minor child, 14 years of age; was tried, convicted by a jury, and was assessed by the court a fine of $100 and to serve a term of one year in the penitentiary, and has appealed.

No brief has been filed or oral argument made by the defendant or by the state. Under the rules of the court, we have examined the record to see if any fundamental error was committed in the trial of this case.

The statute under which the defendant was charged is Oklahoma Statutes, 1931, sec. 2622, O. S. A., Title 37, sec. 5, which is as follows:

"It shall be unlawful for any person to barter, sell or give to any minor, person of unsound mind, or habitual drunkard, any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; or any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States. Any person violating any provision of this section shall be fined not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and imprisoned not less than thirty (30) days in the county jail, nor more than five (5) years in the State Penitentiary."

The record reveals that Weldon Smith, who was a minor, 14 years of age, and three other boys, named DeWayne Sands, Clyde LeFever, and Leroy Jones, who were also minors, were riding in an automobile near defendant's home at Calumet, in Canadian county, on the evening of the 8th of September, 1939, at about 6 or 6:30 p. m. All of the boys lived near the home of the defendant, and he was well acquainted with them. Two of the boys, Weldon Smith and DeWayne Sands, who was also 14 years of age, got out of the car and went to the home of the defendant, Lorraine Petree. Weldon Smith bought from the defendant a half-gallon fruit jar of Choctaw beer, and paid him the sum of $2 therefor. This money was given him by DeWayne Sands and Clyde LeFever. Gaddy Berry and Clyde LeFever remained at the car. The boys were told by defendant that if they were caught

with the beer to tell that they got it from that German up north. They carried the beer, which was in a fruit jar, to where the other boys were in the car. They each took several drinks of the beer, and then proceeded to a school picnic, which was in progress close-by. They were causing a disturbance and were driven away by the teacher in charge. A part of the Choctaw beer, which was in the jar, was recovered and was analyzed by a chemist, and it contained 14.18 per cent alcohol by volume or 11.46 per cent by weight.

Each of the four boys was placed upon the witness stand for the state, and each of them testified to the facts as above stated. Each gave a detailed statement, and there was no conflict in their evidence.

Mr. Vernon C. Walker testified for the state that he was superintendent of the school at Calumet. That he was present at the picnic on the 8th of September, 1939, and that the four boys above named were there in a car. That they were making an unusual noise, and that he went out and asked them to leave; that they were not in condition to be there, and were drunk. He took the jar of Choctaw beer from the back of the automobile, and turned it over to the constable, who in turn turned it over to the sheriff, and by him to the chemist who examined it.

The defendant presented as a defense what in court is known as an alibi. He testified that he left his home in Calumet between 3 and 3:30 on the evening of September 8, 1939, and went with a friend by the name of M. E. Sims, who lived at Watonga, to Anadarko, Okla. That they remained in Anadarko until about 6 or 6:30 o'clock, and then went to Bridgeport, in Canadian county, to a cafe; that they had dinner there about 8 o'clock. They remained there for about an hour, and did not re-

turn to his home in Calumet until about 11 or 11:30 at night. He and his wife and Mr. Sims at that time went for a swim in the Canadian river.

He testified that he at no time sold any Choctaw beer or any liquor of any kind to the prosecuting witness, nor did he see them on that date.

His testimony as to these facts was corroborated by his wife and Mr. Sims; also, by Mr. Jay Crowley, his uncle, who was staying at his home. Mrs. Della Goucher testified as to the defendant and Mr. Sims being at her restaurant at Bridgeport. On cross-examination, she was somewhat uncertain as to the date that they were there.

The evidence also revealed that the defendant had been convicted in 1929 on two charges of cattle theft and sentenced to the penitentiary, and that the sentences ran concurrently. He had also been previously convicted of unlawful possession of intoxicating liquor. The evidence also revealed that the witness Sims had been previously convicted of possession of intoxicating liquor.

From the above statement, it will be seen that there was a direct conflict in the evidence of the state and the defendant. It was clearly within the province of the jury to pass upon the same. They saw the witnesses upon the stand, observed their demeanor, and were in a much better position to pass upon who was testifying to the truth than is an appellate court.

It has been the universal rule of this court that where there is a conflict in the evidence, that the verdict of the jury will not set aside. It is only when it is insufficient upon which to base a verdict that the same will be set aside. We have examined the information and the instructions of the court. They were in proper form and free from error.

The jury in this case returned a verdict of guilty and left the punishment to the court. The court assessed a fine of $100 and confinement in the Penitentiary at Mc-Alester for a term of one year. Under the law, the maximum punishment was a fine of $2,000 and not to exceed five years in the penitentiary.

Under the facts in the case, we cannot say that the judgment and sentence was excessive.

The judgment of the district court of Canadian county is therefore affirmed.

JONES, J., concurs.   DOYLE, J., absent.