Thurman Dudley OVERSTREET, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16239.

Court of Criminal Appeals of Oklahoma.

March 24, 1971.

James O. Goodwin, Okemah, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Thurman Dudley Overstreet, hereinafter referred to as defendant, was charged and tried in the District Court of Okfuskee County on May 25, 1970, on a charge of Shooting with Intent to Kill; his punishment was fixed at five years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on November 27, 1969, Eligah Dean, a police officer for the City of Boley, noticed a car illegally parked. He testified that he asked that the car be moved, and upon failure to so comply he impounded the car and took it to the police station. Shortly thereafter the defendant, and others, came to the police station and an argument ensued. The car was driven away by the defendant's brother. He picked up another officer, Bernice McDowell, and proceeded to a tavern to arrest the defendant for disturbing the peace. As they were escorting the defendant from the premises, the defendant's brother and another subject interfered and a scuffle ensued. During the scuffle the defendant got the officer's pistol. Dean ran toward the door and two shots were fired, one striking him in the shoulder, the other going through his pants leg.

Officer McDowell, Sandy Clark and Robbie May Johnson, all testified substantially as to the evidence as related by Eligah Dean. Robbie May Johnson saw the defendant kneeling with the gun in his hand when she heard the two shots. Deputy Nichols testified that the defendant's brother, John L. Overstreet, gave him the officer's pistol which he recovered from an old car where the defendant had hidden it. There were two fired hulls in the weapon.

John L. Overstreet testified for the defense that he heard a shot and entered the tavern where he observed the defendant and Dean struggling with the gun. He raised his brother's hand and the gun fired toward the top of the building after Dean had left through the door.

The defendant testified that he was not involved in the disturbance concerning the impounding of the car. He was in the tavern when the officers told him he was under arrest but would not tell him why he was under arrest. They were pushing him toward the door when McDowell drew his gun, cocked it, and was going to shoot him in the back. A friend, Curtis Thornton, grabbed McDowell and Dean drew his gun. He struggled with Dean and the gun fired and Dean ran out the door. He picked up the gun from the floor and his brother arrived and forced his hand toward the ceiling and the gun fired again. He was frightened that the officers would come back and shoot him and left the tavern, taking the gun with him. He admitted a prior conviction for Assault with Intent to Kill.

The sole proposition of error contends that the trial court committed reversible error and denied the defendant a fair and impartial trial by allowing the prosecuting attorney to include prejudicial remarks amounting to unfair comment during closing argument.

The record does not reflect that any objections were interposed to the argument, nor were exceptions taken to the court's ruling, nor was there a request made for a mistrial and thus there is nothing preserved for consideration by this Court. We have previously held that if counsel wishes to preserve the record during closing argument of the State, that when an objectional statement is made by the prosecuting attorney, it should be called to the attention of the court by timely objection, together with a request that the jury be instructed to disregard the improper statement and in the event that the objection is overruled, an exception should be taken to the ruling of the court, preserved and argued in the Motion for New Trial. When this is not done, the matter cannot be presented for the first time in the Motion for New Trial and in the Petition in Error and briefs on appeal. In the event counsel for the defendant considers

the remarks so fundamentally prejudicial that the court cannot, by instructions to the jury, correct such error, counsel for defendant should move for a mistrial and preserve this in the Motion for New Trial. Walters v. State, Okl.Cr., 455 P.2d 702. See also Robison v. State, Okl.Cr., 430 P. 2d 814.

We are, therefore, of the opinion that the judgment and sentence imposed upon this defendant by the jury should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.