Michael R. SCHNEIDER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17478.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1972.

James C. Langley, Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for appellee.

BUSSEY, Presiding Judge:

Appellant, Michael R. Schneider, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Oklahoma, for the offense of Robbery with Firearms; his punishment was fixed at an indeterminate term of thirty (30) to ninety (90) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Arthur Wallace testified that he was employed as a clerk for the "Git and Go" store located on North Cincinnati Street in Tulsa. On June 2, 1970, at approximately 3:00 a. m., three men came inside the store. One of the men asked for a package of cigarettes and as he went to the cash register to ring up the sale, one of the other men produced a gun and told him to put all the money from the cash register into a paper sack. He placed approximately Seventy Dollars ($70.00) in the sack and placed the sack on the checkout counter. He was then instructed to go to the back of the room where he was told he would have his hands bound. He walked to the back of the room, holding his hands behind him, and was then shot in the back of the head. Upon regaining consciousness approximately five minutes later, he called the police. He identified the defendant as one of the three men who perpetrated the robbery.

Phillip Hollis Wood testified that he was charged as a co-defendant with the defendant. On the morning in question, he, the defendant, and Michael Tipton went to the Git and Go Store on North Cincinnati. They parked in front of the store and Wood remained in the back seat of the car. The defendant and Tipton entered the store with the intent to "rob the place." He observed the defendant through the front glass window take "a gun out and put it on the man in the store and robbed him." Tipton came out with a sack of money, put it in the car and went back inside the store. Shortly thereafter, he heard a shot and both the defendant and Tipton came out, got in the car and they left. He testified that the defendant still had the weapon when he returned to the car. There was approximately Seventy Dollars ($70.00) in the sack, which was split between defendant and Tipton.

The defendant did not testify nor was any evidence offered in his behalf.

The first proposition asserts that the trial court erred in admitting evidence of the shooting. Dealing with a similar proposition in King v. State, Okl.Cr., 456 P.2d 121, we stated:

"The defendant alleges in his second, third and fourth propositions that the trial court should have excluded evidence pertaining to the victim of the robbery being shot, ballistics testimony relative to that shooting, and photographs of the scene of the crime, for the reason it was incompetent and irrelevant. In the second paragraph of the Syllabus of Zeigler v. State, 76 Okl.Cr. 34, 133 P.2d 912, this court held:

'The introduction of evidence in a criminal case is subject to such restrictions or limitations as the trial court in its discretion may decide.'

"Certainly, in a Robbery with Firearms case, where a material element of the crime is force or fear, the shooting of the victim is significantly material in proving that element of the crime, and it is not inadmissible merely because it may prove the defendant guilty of another crime. See Parnell v. State, Okl.Cr., 389 P.2d 370, and Cornelius v. State, Okl.Cr., 438 P.2d 295. * * *"

We, therefore, find this proposition to be without merit.

The second proposition contends that proper notice was not given to the de-

fendant that the prosecution would call Phillip Wood, a co-defendant, as a State's witness. Defendant argues that since Wood's name was not listed on the list of witnesses furnished to the defendant forty-eight hours prior to trial as required by Article 2, Section 20, of the Oklahoma Constitution, that he should not have been allowed to testify. We are of the opinion that this proposition is without merit. The record reflects that the defendant did, in fact, have notice that the co-defendant Wood would testify. Defendant filed a motion on June 7, 1971, to require the State to disclose the record of prior criminal convictions of Wood which stated "whom the prosecution intends to call as a witness for the State, pursuant to Stevenson v. State, [Okl.Cr., 486 P.2d 646]." The defendant thus had notice approximately four months prior to the trial on October 6, 1971, that the co-defendant would be called as a witness. In Born v. State, Okl.Cr., 397 P.2d 924, cert. denied, 379 U.S. 1000, 85 S.Ct. 718, 13 L.Ed.2d 701, we stated:

"The law does not prescribe the manner in which the names of witnesses in a capital case shall be furnished the defendant. If it be made to appear to the satisfaction of the trial court that such names were furnished the appellant at least two days before the case was called for trial, the manner in which the names were furnished becomes immaterial."

Furthermore, every defendant jointly charged with another is charged with notice that the State may use a co-defendant as a witness against him. Rider v. State, Okl.Cr., 494 P.2d 347.

▊ The next proposition asserts that the Assistant District Attorney made an improper statement in his closing argument as to his belief of defendant's guilt. The record reflects that the Assistant District Attorney stated:

"MR. SHAFFER: Thank you, Honor, ladies and gentlemen, I will be as brief as I can, not because the case is unimportant, but because I believe under this evidence that under this evidence, there will be no doubt of the guilt of the defendant." (Tr. 101)

The record does not reflect that the defendant objected to the statement of the Assistant District Attorney. In Overstreet v. State, Okl.Cr., 483 P.2d 738, we stated:

"The record does not reflect that any objections were interposed to the argument, nor were exceptions taken to the court's ruling, nor was there a request made for a mistrial and thus there is nothing preserved for consideration by this Court. * * *"

▊ The fourth proposition contends that the Assistant District Attorney made improper remarks in the closing argument concerning the defendant's counsel, a public defender. The record reflects that the Assistant District Attorney stated:

"Mr. Scott says 'Don't punish my client for my mistakes.' Mr. Scott is a whole lot younger than I am. He has the same degree, and he has the same certificate to practice in this state as I do, Mr. Thompson, or any other lawyer within the whole state of Oklahoma. This is an old Public Defender argument that I hear every time I try a case, from the Public Defender's office, and don't buy any of that bunk here.

"MR. SCOTT: Objection to this, Your Honor.

"MR. SCHAFFER: And come back with a verdict of guilty and assess the right punishment for this man under this case, and the State will be very satisfied with your verdict. Thank you.

"MR. SCOTT: I would like to have one statement stricken, that this is an old Public Defender's trick.

"BY THE COURT: The jury will remember the instructions of the Court as previously given, and any statement made

by either one of the attorneys, that is not borne out by the evidence in the case, you will disregard it." (Tr. 105)

In Murff v. State, Okl.Cr., 379 P.2d 710, this Court, speaking through the Honorable Kirksey Nix, stated the rule:

"An admonition to a jury not to consider the remarks of counsel usually cures an error unless it is of such a nature as, after considering the evidence, appears to have determined the verdict."

In the instant case, the evidence of the defendant's guilt is overwhelming and we thus cannot conclude that the verdict was based upon the comment by the Assistant District Attorney. We therefore find this proposition to be without merit.

■ The fifth proposition contends that the verdict was not supported by sufficient evidence. From the foregoing statement of facts, we are of the opinion that the verdict was, in fact, supported by the evidence. The testimony of the accomplice Wood was corroborated by the identification of the defendant by the victim as being a participant in the robbery. We therefore find this proposition to be likewise without merit.

■ The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify sentence unless we can conscientiously say that under all facts and circumstances, the sentence was so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264.

■ We are of the opinion that the punishment in the instant case is richly deserved. The judgment and sentence is affirmed.

BRETT, J., concurs.

SIMMS, J., not participating.