Karrole Donnie Wayne DRAPER,
Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–116.

Court of Criminal Appeals of Oklahoma.

Oct. 16, 1974.

Jerry D. Sokolosky, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Patrick Kernan, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Karrole Donnie Wayne Draper, hereinafter referred to as defendant, was conjointly charged with Ray Charles Carolina, Lawrence Lee Breedlove and Wayne T. Glover with the offense of Murder in the District Court, Oklahoma County, Case No. CRF–72–1881, in violation of the now repealed statute, 21 O.S. § 701. Draper, Breedlove and Carolina were jointly tried and convicted by a jury. In accordance with the verdict of the jury, all three defendants were sentenced to death. Thereafter this Court commuted all three sentences to life imprisonment in accordance with recent decisions of the United States Supreme Court. From the judgment and sentence imposed, defendant Draper has perfected a timely appeal to this Court.

For a summary of the evidence adduced at defendant's trial, the reader is referred to this Court's opinion in Breedlove v. State, Okl.Cr., 525 P.2d 1254 (1974).

The defendant's brief urges five propositions of error. The first asserts that the trial court committed error in failing to grant his motion for a severance because the confession of co-defendant Ray Charles Carolina was admitted into evidence implicating this defendant. In arguing this proposition defendant relies upon the rule enunciated by the Supreme Court in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In Breedlove, supra, wherein we considered this identical assignment of error, we held that any violation of the Bruton rule occurring during the trial of this case was harmless error which does not necessitate reversal. See, Schneble v. Florida, 405 U.S.

427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). Defendant Draper presents no argument and cites no authority which would give us reason to reconsider our holding in *Breedlove,* supra.

■ The defendant's second proposition urges that the trial court erred in permitting co-defendant Glover to testify in a capital case when his name had not been properly endorsed upon the information as a witness. Again, our decision in *Breedlove* is wholly dispositive of this issue. We stated in that opinion:

"The amended information reflects that Wayne Glover was named as a co-defendant. In Cloud v. State, 41 Okl.Cr. 395, 273 P. 1012, this Court held that the name of a co-defendant whose name appears on the face of the information does not have to be endorsed on the list of witnesses. The appearance of the name on the face of the information answers every requirement of the law and any defendant is put on notice that a named co-defendant may testify against him at trial."

Defendant's third proposition also urges a matter decided by this Court in *Breedlove,* supra, that is, that the trial court committed error in denying defendant's motion for a change of venue. He does not argue that his situation in regard to being the object of prejudicial pre-trial publicity was distinguishable from that of his co-defendant Breedlove, nor does he present argument or citation of authority sufficient to require that we reconsider our holding in that case wherein we found no abuse of trial court's discretion in failing to grant a motion for a change of venue upon the grounds of prejudicial pre-trial publicity. In the instant case there is no evidence that the jury did not reach its verdict solely upon the evidence presented at trial.

■ In his final proposition of error, the defendant seeks reversal of his conviction upon the ground that he was prejudiced by the trial court's instructing the jury on the death penalty. We are of the opinion that while the trial judge was in error in so instructing the jury, that error does not merit reversal of this case. The evidence presented against this defendant was so overwhelming that it is clear beyond a reasonable doubt that the erroneous instruction on punishment did not affect the jury's finding of guilt. The minimum sentence which defendant could have received upon being convicted of murder was life imprisonment. The penalty imposed was commuted to life imprisonment by this Court on March 14, 1973.

For the above and foregoing reasons, it is the opinion of this Court that the judgment and sentence appealed from should be, and the same hereby is, affirmed.

BLISS, P. J., and BUSSEY, J., concur.