John Eddie SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–428.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1976.

Rehearing Denied April 30, 1976.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant John Eddie Smith, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–1813, for the offense of Robbery with Firearms, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 801. His punishment was fixed at a term of seventy-five (75) years in the State Penitentiary, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, testimony of Mike Kasner, taken at the preliminary examination at which the defendant was present and represented by counsel, was read to the jury.[1] Witness Kasner testified that on May 17, 1974, he operated a jewelry store located at 515 West Main Street in Oklahoma City, Oklahoma. At approximately 9:20 a. m., two black men came into the store and asked to be shown some rings. Witness Kasner then displayed some rings for them to see. The two men stated that the rings were too expensive, whereupon witness Kasner showed them some less expensive rings. Shortly thereafter one of the men, whom Kasner identified at the preliminary examination as the defendant, reached under his sweater, drew a pistol and demanded the tray of rings. The second person then began removing rings from the tray and putting them in his pocket. Three trays of fifteen rings were taken, valued at approximately $8,500.00. The robbers then fled, getting into a green sedan which was parked across the street, and drove away. Witness Kasner viewed a lineup that evening but could not identify anyone. He was also shown some photographs from which he was unable to identify anyone. Approximately one week later he viewed a second lineup from which he selected the defendant as one of the robbers.

The State then rested.

The defendant took the stand and testified in his own behalf that on May 17, 1974, he was at his home located at 2223 Honey Locust, Oklahoma City, Oklahoma. He arose from bed at approximately 7:30 a. m. and started to go to work at Robberson Steel, but could not get his car started. Claren Thurman, a friend, came by and they went to a service station where they worked on the defendant's car (a 1967 blue Buick), until approximately 10:30 p. m. The defendant further denied being near Kasner's jewelry store on that date. The only time that he was ever in the store was around the middle of June, after he had been released on bond under these charges. He went into the store and Kasner treated him as any other customer. The defendant further testified that the reason he failed to appear at the date set for his preliminary examination was because he was in the Veterans' Hospital in Oklahoma City, Oklahoma. He then went to New York and was brought back by his bail bondsman. The defense then rested.

In rebuttal, the State called Buck Kelley, who testified that he was the defendant's bondsman, and had to go to New York City and arrest him to return him for trial.

Michael Heath also testified in rebuttal for the State, that he was employed by the Oklahoma City Police Department. He testified that after giving the defendant the Miranda warnings he asked the defendant where he was on May 17, 1974, and the defendant answered he was working at Robberson Steel. Investigation on the part of Officer Heath disclosed that the defendant's last day at work with Robberson Steel was on May 14, 1974. He also determined that the defendant's car was a greenish color.

The defendant's previous convictions were stipulated to and admitted in evidence.

Defendant's sole assignment of error asserts that the prosecuting attorney committed reversible error in his closing argument. We have carefully reviewed all of the closing argument of the State, and find that the record does not reflect any

---

1. Witness Kasner died during the time between the preliminary examination and the trial of this case.

objections were interposed, nor was there a request made for a mistrial and thus, there is nothing preserved for consideration by this Court. This Court has consistently held that if counsel wishes to preserve the record during closing argument of the State, that when an objectionable statement is made by the prosecuting attorney, it should be called to the attention of the court by timely objection, together with a request that the jury be instructed to disregard the improper statement and in the event that objection is overruled, an exception should be taken to the ruling of the court, preserved and argued in the Motion for New Trial. When this is not done, the matter cannot be presented for the first time in the Motion for New Trial and in the Petition in Error and briefs on appeal. See *Overstreet v. State*, Okl.Cr., 483 P.2d 738 (1971). It is therefore our opinion that the judgment and sentence appealed from should be, and the same is hereby, AFFIRMED.

BRETT, P. J., BLISS, J., concur.