Vivian Lee SKELTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–23.

Court of Criminal Appeals of Oklahoma.

May 18, 1977.

Claud H. Smith, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The Appellant, Vivian Lee Skelton, hereinafter referred to as defendant, was charged in the District Court, Carter County, Case No. CRF–76–100 with Possession and Concealment of Stolen Property while acting in concert with one Ronald Lee Murray. Murray subsequently plead guilty to the charge and the defendant was tried before a jury and convicted. Punishment was assessed at a term of three (3) years under the direction and control of the De-

partment of Corrections of the State of Oklahoma. From a judgment and sentence in accordance with the verdict the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows, to wit: Bill Smith, the operator of a Conoco station in Wilson, testified that on May 23, 1976, he received a call from police officials advising that his station had been broken into. Upon arrival he discovered three tires, four cans of STP and some checks were missing. Entry had been gained by breaking windows with a rock they found inside on the floor. Shortly thereafter he received a call from the investigating officer to come to the Dairy Lane Drive-in to examine the contents of a car. When he arrived he found the tires and STP in the back seat. He further testified when he left his station earlier in the evening it was locked and the windows were unbroken. He had given no one permission to enter.

William Shaw, a police officer for Wilson, then testified that during the early afternoon and evening of the day in question he had seen the defendant, Ronald Murray, and a juvenile driving up and down Main Street in Murray's car, the last time being around 8:20 p. m. At approximately 9:00 p. m. the witness drove by Smith's Conoco and found things normal. Approximately twenty minutes later he again passed the station and noted that the windows were broken and raised. The owner was called and while they were checking for missing property, auxiliary police officer Max Burris went to check other buildings in the town and discovered that the Dairy Lane Drive-in was in the process of being burglarized by Ronald Murray. Murray was arrested inside the building. When Shaw arrived at the drive-in he noticed the defendant and a juvenile sitting on Murray's car next door in the driveway of the home of defendant's mother. Murray agreed to let the officers inspect the car, which was some thirty to fifty yards from the drive-in and they found the three tires and the STP. Shaw further testified that it appeared that Murray and the defendant had been drinking.

On cross-examination the witness stated that Murray was in possession of the car keys and that he did not see the defendant in actual physical possession of the stolen items. He further stated that the defendant was living in his mother's home at the time.

Max Burris then testified that shortly after investigating the burglary of the Conoco station he drove around town and discovered Murray in the process of burglarizing the drive-in. When Shaw arrived they noticed Murray's car parked at the Skelton residence next door. The defendant was sitting on the car and the stolen items were found in the back seat of the vehicle.

Over objection of defense counsel Ronald Murray then testified that he and the defendant had been drinking and driving around Wilson on the day in question and when they ran out of money, they broke into the Conoco station and took the tires and the STP. They then drove to the defendant's house near the drive-in. He further stated that he plead guilty to burglarizing the drive-in. On cross-examination the witness stated that the defendant was the one who actually broke into the service station and handed him the tires and STP through a window. After they drove to Skelton's he walked over to the drive-in, kicked in the door and was subsequently arrested. The state then rested.

The defendant testifying in his own behalf related that on the date in question he, Allen McKee and Murray were driving around in Murray's car when Murray stopped near the Conoco station to use a pay phone. Murray then left the phone booth and broke into the station and brought out three tires and put them in the back seat. He stated that he took no part in the break-in and that he told Murray it was time to take him home. When they arrived home he and McKee went in the house and Murray stayed outside. They then came back outside and sat on the porch; Murray evidently having gone next door to break into the Dairy Lane. They watched cars arrive and when there was a scuffle at the drive-in they walked out by

Murray's car for a better view. The officers then came over, looked in the car and arrested the defendant and McKee. He further stated that at no time did he have in his possession or control the property which was stolen at the station. On cross-examination the defendant admitted two previous felony convictions, one for burglary and another for grand larceny.

As a rebuttal witness Allen McKee testified that on the day in question he, Murray and the defendant drove around town drinking. Right before dark they left McKee off at the home of defendant's mother and departed. They returned about thirty minutes later; the defendant came in; then went out and sat out on the porch. Murray did not come in the house and the next time McKee saw him was after his arrest. McKee further stated that he got out of the car when Murray and the defendant started talking about needing more money.

■ The defendant's first assignment of error is that the trial court committed reversible error in permitting Ronald Murray to testify when he was not endorsed as a witness on the information.

The information under which the defendant was charged named the defendant and Murray as co-defendants and alleged that they acted in concert. In *Draper v. State,* Okl.Cr., 527 P.2d 602, this Court, citing *Cloud v. State,* 41 Okl.Cr. 395, 273 P. 1012, we held that the name of a co-defendant whose name appears on the face of the information does not have to be endorsed on the list of witnesses. The appearance of the name on the face of the information answers every requirement of the law and any defendant is put on notice that a named co-defendant may testify against him at trial. See also *Schneider v. State,* Okl.Cr., 501 P.2d 868.

■ The defendant's second assignment is that the trial court erred in overruling the defendant's motion for continuance after the announcement that Ronald Murray would testify on behalf of the state. As stated above it was not necessary that the

witness be endorsed on the information and the defendant was charged with notice that the co-defendant might testify. The record further reflects that the prosecuting attorney advised defense counsel, prior to trial, that Murray would in fact testify. There was no surprise and a continuance was not justified. The trial court did not abuse its discretion and defendant's second assignment is without merit. See *Wampler v. State,* Okl.Cr., 553 P.2d 198.

■ The defendant's third assignment is that the trial court erred in allowing Murray to testify since the prosecuting attorney failed to make application for discharge of Murray so that he might testify on behalf of the state pursuant to the provisions of 22 O.S. § 839. However, Section 839 reads as follows:

"When two or more persons are included in the same indictment or information, the court may, at any time before the defendants have gone into their defense, on the application of the county attorney, direct any defendant to be discharged from the indictment or information, that he may be compelled to be a witness for the State."

It is obvious that the statute relied upon by the defendant is not applicable in the instant situation. Murray plead guilty to the charge and voluntarily testified. He was a co-defendant and further notice to the defendant was unnecessary. The defendant's third assignment is without merit.

■ The defendant's fourth assignment of error states that there was insufficient evidence presented to the jury upon which to support a guilty verdict. Again we must disagree. It is our opinion that the evidence presented was sufficient to show that the defendant was guilty as charged. See *Price v. State,* 9 Okl.Cr. 359, 131 P. 1102.

■ As stated in *Turner v. State,* Okl.Cr., 479 P.2d 631, this Court has held on numerous occasions that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict since it is the

exclusive province of the jury to weigh the evidence and determine the facts.

■ The defendant further contends that the jury verdict was excessive. The defendant was charged under the provisions of 21 O.S. § 1713(1) which sets maximum punishment at five years imprisonment. This Court cannot say that the punishment assessed shocks the conscience of the Court. The defendant's last assignment is also meritless.

From an examination of the entire record it is our opinion that the defendant received fair and impartial trial. No right of the defendant was prejudiced and the judgment and sentence appealed from should be, and the same is hereby, *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.