**Francis SONNIER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-78-259.**

Court of Criminal Appeals of Oklahoma.

July 13, 1979.

---

Jesse L. Leeds, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Ross N. Lillard, III, Asst. Atty. Gen., Jim Wilcoxen, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Francis Sonnier, hereinafter referred to as the defendant, was convicted of Robbery With Firearms—21 O.S.Supp. 1978, § 801—in the District Court, Muskogee County, Case No. CRF-77-70. The

State proved that he had a prior felony conviction, and his punishment was enhanced in accordance with 21 O.S.Supp. 1978, § 51. The sentence was set by the jury at seventy-five (75) years' imprisonment.

█ In his first assignment of error the defendant contends in substance that the evidence was insufficient. This assignment is without merit. The defendant was charged with the armed robbery of the True Discount Pharmacy in Muskogee. Three employees and a customer identified him as one of the two gunmen who committed the robbery. The defendant's brother testified that the defendant had admitted to him that the defendant had committed the robbery. The defendant also told his brother where he had hidden evidence of the crime, and other persons testified to the discovery of the evidence in the place at which the defendant had left it. In addition, the defendant, in discussing the robbery with an off-duty police officer, said that it looked like the police had him, and maybe he should try to work out a deal.

█ The defendant points out that the witnesses identified him as one of the robbers by his build and his eyes only, since the gunmen were masked, and he argues that his conviction should not be allowed to stand on such weak evidence. The strength or weakness of those identifications was a fact question for the jury, and the defense counsel ably put that question before the jury, both through cross-examination, and again in closing argument. But the identifications were not the only evidence connecting the defendant to the crime. The State presented ample evidence to support the verdict of the jury.

█ The second assignment of error concerns the conduct of the prosecuting attorney. The defendant cites a number of instances in which the Assistance District Attorney's questions or comments could have had a prejudicial effect. We have examined each of the defendant's citations to the transcript, and we believe that he is correct. Although his objections were consistently sustained, the continuing course of conduct on the part of the prosecutor could have influenced the jury. In a close case the prosecutor's actions could have necessitated reversal; but in the instant case the evidence is overwhelming, and we do not believe that the conviction must be reversed.

█ The defendant argues in his third assignment of error that the trial court erred in excusing, over his objection, a witness who had been subpoenaed by the defendant. The record reflects that the trial court conducted an in camera hearing on a motion by the State to exclude the testimony of the witness, and then sustained that motion. We have consistently held that the introduction of evidence is a matter for the exercise of the trial court's discretion—*Zeigler v. State,* 76 Okl.Cr. 34, 133 P.2d 912 (1943), and *Haury v. State,* Okl.Cr., 533 P.2d 991 (1975)—and in the instant case we do not find an abuse of that discretion. This assignment of error is without merit.

█ The fourth assignment of error is that the trial court failed to grant a continuance when the defendant and his chief counsel failed to appear. The record shows that the court granted a one-day continuance when the defendant failed to appear; but on the following morning the defendant again failed to appear, and one of his attorneys called in sick. Co-counsel moved for a continuance, but the motion was denied and the proceedings went on. In *Warren v. State,* Okl.Cr., 537 P.2d 443 (1975) we held that to voluntarily absent oneself from one's own trial is a waiver of the right to be present. The defendant urges us to overrule *Warren,* but we decline to do so. Nor was it error to proceed without defendant's chief counsel, in view of the trial court's finding that the defendant could be adequately represented by co-counsel. Under the circumstances of the case we do not find an abuse of discretion in the court's denial of the motion for continuance. Compare *McCormick v. State,* Okl.Cr., 279 P.2d 359 (1955).

█ Finally, the defendant contends that the excessiveness of the sentence is evi-

dence that he did not get a fair trial. In light of the conduct of the Assistant District Attorney, we are inclined to agree that the sentence is excessive. However, the weight of the evidence is such that the reversal would not be justified. Considering the nature of the offense, the strong evidence of the defendant's guilt and his twenty prior convictions, we believe that justice will best be served if the defendant's sentence is *MODIFIED* from seventy-five (75) years to forty-five (45) years, and otherwise *AFFIRMED*.

CORNISH, P. J., concurs in results.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring:

While I concur in the results of this decision, I do not place may approval on this Court's decision in *Warren v. State*, supra.