**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH WATSON,

        Plaintiff-Petitioner,

v.

BRUCE HOWARD, Warden,

        Defendant-Respondent.

No. 04-6074

Western District of Oklahoma

(D.C. No. 03-CV-1340-F)

**ORDER** [*]

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

Kenneth Watson, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order which denied his habeas corpus petition under 28 U.S.C. § 2254. [1] *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Watson has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1]We grant Mr. Watson's motion to amend his opening brief and address in our order the additional issue he raises.

On January 19, 2001, Mr. Watson was in a car driven by William Richardson. Evidently irritated by the slow speed at which the van in front of them was moving, Mr. Richardson first tailgated the van, then passed it. While Mr. Richardson's car was overtaking the van, Mr. Watson leaned out of the passenger window, making obscene comments and gestures. When Mr. Richardson parked in a convenience store parking lot, the van pulled in behind them, blocking his car. As Mr. Watson made a rapid exit from the car, he was confronted by six uniformed members of the Oklahoma City Police Department's Impact Narcotics Squad emerging from the van. One of the narcotics officers approached the car and observed a baggie containing five rocks of crack cocaine between the driver and passenger seats. Messrs. Watson and Richardson were arrested and charged with possession of crack cocaine with intent to distribute. Mr. Richardson pled guilty and testified against Mr. Watson at the latter's jury trial.

On July 19, 2001, Mr. Watson was convicted on a charge of possession of a controlled dangerous substance after former convictions of two or more felonies, Okl. Stat. tit 63, § 2-401, and was sentenced to twenty years' imprisonment. Mr. Watson appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed it on June 12, 2002. Mr. Watson then made an application for post-conviction relief in the state district court, which denied his

application June 9, 2003; this denial was affirmed by the OCCA on August 26, 2003. Undeterred, Mr. Watson filed a petition for habeas relief in federal district court. The district court denied the petition January 30, 2004, and subsequently denied his motion for a COA. Mr. Watson now requests a COA of this Court.

The dismissal of a petition for habeas relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

Mr. Watson alleges four grounds of error in this appeal. First, he claims he had ineffective assistance of counsel for various reasons related to the testimony of his co-defendant. Second, Mr. Watson contends that his rights to due process and equal protection were violated by infractions of Oklahoma law requiring notice of prosecution witnesses and of certain types of evidence. Third, Mr. Watson argues that, properly disregarding uncorroborated accomplice testimony, the prosecution offered insufficient evidence to support his conviction. Finally,

Mr. Watson claims that the trial judge erred in failing to instruct the jury, in accordance with Oklahoma law, that accomplice testimony must be corroborated before it can be relied upon to convict a defendant.

The government argued before the district court that Mr. Watson's first, second, and fourth grounds of appeal have been procedurally defaulted, since they could have been raised on direct appeal but were not. Oklahoma law generally dictates that any claims not raised on direct review are waived. Okla. Stat. tit. 22, §§ 1086, 1089. Although the Oklahoma courts have strictly applied this procedural bar, *Walker v. State*, 933 P.2d 327, 332 (Okla. Crim. App. 1997), under appropriate circumstances we have considered on the merits claims otherwise barred under Oklahoma law, *Smith v. Mullin*, 379 F.3d 919, 926 (10th Cir. 2004). Rather than addressing the complexities of the relationship between Oklahoma's procedural bar rule and the federal courts' habeas jurisdiction, the district court disposed of Mr. Watson's claims on their merits. In order to obtain a COA, Mr. Watson must demonstrate that reasonable jurists could debate the propriety of the district court's decision to dispose of his claims on their merits or show that he raised issues that deserve encouragement to proceed further. *Slack*, 529 U.S. at 484. If a claim involves Oklahoma's procedural bar rule and is most easily disposed of on the merits, a district court may exercise its discretion to do so. *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to

address "complex issues concerning the applicability of Colorado's procedural bar . . . . because the case may be more easily and succinctly [resolved] on the merits"). Reasonable jurists thus would not dispute the district court's manner of resolving the case. As to whether Mr. Watson has raised issues worthy of encouragement, we agree with the district court's conclusion that Mr. Watson's first, second, and fourth claims are without merit. The OCCA did adjudicate Mr. Watson's third claim for relief on its merits; we address this claim, and the standards that govern our review of it, last.

Mr. Watson's inadequate assistance of counsel claims relate primarily to trial counsel's treatment of his co-defendant, Mr. Richardson. Mr. Watson contends that his lawyer failed to prepare adequately for Mr. Richardson's testimony, failed to object to the use of accomplice testimony, and failed to object when Mr. Richardson offered evidence of "other crimes" committed by Mr. Watson shortly before his arrest. In order to demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was so deficient as to "f[a]ll below an objective standard of reasonableness" and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Mr. Watson's contention that his lawyer failed to prepare for Mr. Richardson's testimony and was surprised by its substance is without support in

the record. Defense counsel ordered a transcript of the preliminary hearing to prepare for trial. At the beginning of the trial, defense counsel stated that she anticipated Mr. Richardson would testify. During cross-examination, defense counsel questioned Mr. Richardson regarding his plea arrangements, exploring his motive for untruthful testimony in the established mode. Mr. Watson has pointed to nothing in the record that suggests counsel was surprised by the content of Mr. Richardson's testimony or that some additional form of preparation would have permitted her to handle Mr. Richardson's testimony differently or more effectively.

At the heart of Mr. Watson's ineffective assistance claim is his belief that Mr. Richardson's testimony should not have been admitted because he was the co-defendant and because he testified that Mr. Watson made two other sales the evening of his arrest from the same baggie of crack police later found in the car. His lawyer was therefore ineffective, in Mr. Watson's estimation, for failing to object to Mr. Richardson's testimony and move for a mistrial.

Contrary to Mr. Watson's argument, accomplice testimony is admissible under Oklahoma law, its character going to the weight of the evidence rather than to its admissibility. *Frick v. State*, 509 P.2d 135, 136 (Okla. Crim. App. 1973). An objection to the content of Mr. Richardson's testimony would have been similarly unsuccessful. Since knowledge is an element of the offense with which

Mr. Watson was charged, Okl. Stat. tit 63, § 2-401, evidence of the earlier sales was relevant. While inadmissible as propensity evidence, evidence of other uncharged crimes is admissible under Oklahoma evidence law to prove intent or knowledge. Okla. Stat. Ann. tit. 12, § 2404(B); *Douglas v. State*, 951 P.2d 651, 673 (Okla. Crim. App. 1997) (evidence of uncharged other crimes "may be admitted if it proves motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident").

Defense counsel's failure to object could also be characterized as a tactical decision to acquiesce in the admission of evidence of other acts connected to the charged conduct to avoid the possible admission of more damaging evidence. Before Mr. Richardson testified, the trial judge and counsel discussed the scope of his testimony. Mr. Richardson was prepared to testify that he had known Mr. Watson for some time, that Mr. Watson was a crack-dealer by profession, that he had purchased crack from Mr. Watson, and that both Mr. Watson and he had sold crack for the same people. In light of the government's proffer of this extensive and damaging evidence, defense counsel's decision to accept the government's offer to limit its evidence to the two sales the evening in question could well be characterized as sound trial strategy, upon which no claim of ineffective assistance may be predicated. *See Strickland* 466 U.S. at 696-97 (indicating that

defendants must overcome the "strong presumption" that challenged decisions can be characterized as sound trial strategy).

Mr. Watson's final ineffective assistance argument is that counsel did not object to an instruction he claims required the jury to find Mr. Watson had committed two prior felonies. Mr. Watson maintains that state law required the jury first to determine his guilt of the present crime and then determine whether the prior convictions had in fact taken place. We do not grant habeas relief simply on the basis that a jury instruction was defective under state law. *Parker v. Scott*, 2005 WL 19489 (10th Cir. 2005). Only if the impugned instruction so infects the entire trial that the resulting conviction violates due process may that instruction serve as a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

Even if we assume the trial court's instruction violated the requirements of state law, there is nothing in the record to suggest that the instruction rendered Mr. Watson's trial fundamentally unfair. Mr. Watson's admission on direct and cross-examination that he had been convicted on five other occasions, as well as the admission into evidence of the court records of four of those convictions, left no fact question for the jury to decide. In whatever order the questions were presented to the jury, the evidence permitted only one conclusion. Even if we further assumed his lawyer's failure to object was unreasonable, Mr. Watson

cannot have been prejudiced by a failure to present the jury with a foregone conclusion.

Mr. Watson's second claim for relief is that the government's violation of Oklahoma law requiring timely endorsement of government witnesses and notice of the use of other crimes evidence deprived him of his rights to due process and equal protection under the federal Constitution. A state court's failure to follow its own law, even if proven, does not ordinarily warrant habeas relief, although habeas relief may be available if the state law violation resulted in a fundamentally unfair trial. *Boyd v. Ward*, 179 F.3d 904, 921–22 (10th Cir. 1999). While Oklahoma law requires the timely endorsement of most prosecution witnesses, Okla. Stat. tit. 22, § 303, a co-defendant whose name appears on the information is excepted from this requirement: "[t]he appearance of the name on the face of the information answers every requirement of the law and any defendant is put on notice that a named co-defendant may testify against him at trial." *Skelton v. State*, 564 P.2d 656, 658 (Okla. Crim. App. 1977). Mr. Richardson was named on the information charging Mr. Watson; the requirement of endorsement therefore does not apply to him. Mr. Watson's claim to a violation of his rights under the federal constitution must founder for want of an underlying violation of state law.

Mr. Watson also argues that the prosecution's failure to provide him with notice that it intended to offer other crimes evidence rises to the level of a constitutional violation. It is true that Oklahoma law requires advance notice to criminal defendants when the government intends to offer evidence of other crimes. *Burks v. State*, 594 P.2d 771, 774 (Okla. Crim. App. 1979) (requiring ten days' notice and summary of other crimes evidence to be offered at trial), *overruled in part on other grounds in Jones v. State*, 772 P.2d 922, 925 (Okla. Crim. App. 1989). This rule is not absolute, however; it is intended to prevent the defendant from being surprised by the use of such evidence, and when there is no surprise, violations of the rule may be excused. *See Malicoat v. State*, 992 P.2d 383, 402–03 (Okla. Crim. App. 2000); *Powell v. State*, 995 P.2d 510, 527 (Okla. Crim. App. 2000).

Mr. Watson was aware that knowledge was an element of the offense with which he was charged. Indeed, his trial strategy consisted largely of insisting that he knew nothing of the drugs in the car and that they must have belonged to Mr. Richardson. Given the government's burden to prove each element of the offense, its offer of evidence tending to show knowledge is very far from surprising. If Mr. Watson was unaware that Mr. Richardson would testify to other acts of cocaine distribution before the trial, the government put him on notice before Mr. Richardson's testimony began and the defense did not request a

continuance. Under these circumstances, it is far from clear that Mr. Watson can establish a violation of state law.

If Mr. Watson could prove that the prosecution had violated Oklahoma's requirement of *Burks* notice, he must still establish that that violation rendered his trial fundamentally unfair. Federal law does not require advance notice to defendants of the government's intention to use other crimes evidence. *U.S. v. Kendall*, 766 F.2d 1426, 1440 n.6 (10th Cir. 1985) (expressly declining to adopt the rule in *Burks*). Cross-examination and instructions alerted the jury to the possibility that Mr. Richardson could have motives to testify falsely, about Mr. Watson's activities earlier in the evening as well as about other matters. There is nothing in the record or in Mr. Watson's arguments to suggest that defense counsel could have handled Mr. Richardson's testimony more effectively with ten days' notice. Mr. Watson has not demonstrated that the lack of *Burks* notice of other crimes evidence rendered his trial fundamentally unfair, and this claim therefore does not warrant habeas relief.

Mr. Watson's fourth claim [2] is that the trial judge violated Oklahoma law by failing to instruct the jury that accomplice testimony, if uncorroborated, was insufficient for conviction, thereby depriving him of due process and the right to

---

[2]Since Mr. Watson's third claim was adjudicated on the merits by the OCCA, we discuss it separately.

-11-

a fundamentally fair trial. The Oklahoma rule serves to ensure juries are aware of the motives an accomplice may have to testify falsely. *Glaze v. State*, 565 P.2d 710, 712 (Okla. Crim. App. 1977); *Howard v. State*, 561 P.2d 125, 130 (Okla. Crim. App. 1977). This Court has found that purpose is adequately served by vigorous cross-examination and instructions informing juries of their responsibilities to make credibility determinations, bearing in mind the potential for bias, interest or prejudice. *Foster v. Ward*, 182 F.3d 1177, 1193–94 (10th Cir. 1999).

As there is no constitutional requirement for an accomplice instruction, habeas relief for a failure to provide such an instruction is warranted only if the omission of the instruction "had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." *Id*. at 1193. Mr. Watson cannot make such a showing. The trial judge instructed the jury that determining witnesses' credibility was their province and that they could properly consider bias, prejudice, or interest in the outcome of the trial. On cross-examination defense counsel inquired into Mr. Richardson's plea arrangements, making the jury aware of possible bias or motives to testify falsely. In closing arguments defense counsel again referred to Mr. Richardson's motivations to lie. The trial court's instruction on credibility and defense counsel's arguments alerted the jury to the possibility that Mr. Richardson might be lying and informed them of their duty to

make a determination as to his credibility, satisfying the rationale for, if not the letter of, the Oklahoma rule and ensuring that the trial was not fundamentally unfair.

Mr. Watson's final claim, that the evidence was inadequate to sustain a conviction (disregarding the uncorroborated accomplice testimony), was reviewed by the state courts on the merits. We accordingly apply the extraordinarily deferential standard of review required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (applying AEDPA deference to a state court decision in considering a habeas petitioner's request for a COA). A federal court can grant a habeas petition on a claim adjudicated on the merits by a state court only if the state court judgment (1) was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) reflects an unreasonable determination of the facts in light of the evidence before the court. 28 U.S.C. § 2254(d).

The OCCA's rejection of Mr. Watson's claim of insufficient evidence was not contrary to clearly established federal law. Federal law does not require independent corroboration of accomplice testimony: "a jury may convict based on the uncorroborated testimony of a co-conspirator." *United States v. Torres*, 53 F.3d 1129, 1140 (10th Cir. 1995). The OCCA's application of the more

demanding Oklahoma standard requiring independent corroboration is not contrary to the less rigorous federal standard.

Neither did the OCCA's ruling reflect an unreasonable determination of the facts in light of the evidence before it. We are not required, as was the OCCA, to inquire into whether there was sufficient evidence to support the verdict absent Mr. Richardson's testimony. Federal law governing insufficiency claims requires a reviewing court to determine only whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The elements of drug possession, of which Mr. Watson was convicted, are knowing and intentional possession of a controlled substance. Okl. Stat. tit. 63, § 2-401. Mr. Richardson testified that the bag of crack cocaine found in the car belonged to Mr. Watson and that he had made two sales from the baggie on the night of the arrest. One of the arresting officers testified that the baggie was found between the driver and passenger seats, and that it could not have been in this position throughout the drive due to Mr. Richardson's erratic driving; someone had to have moved the baggie after the car stopped. He also testified that Mr. Richardson's hands did not leave the steering wheel once the car had stopped. Finally, he testified to his belief that Mr. Watson had placed the drugs where they were found because, in his experience, suspects who are trying to hide

-14-

drugs attempt to place the greatest distance possible between themselves and the contraband.

"So long as the testimony is not incredible on its face and is otherwise capable of establishing guilt beyond a reasonable doubt, it remains solely within the province of the jury to determine the credibility of each witness." *Foster*, 182 F.3d at 1193 (internal quotations omitted). According the deference required by federal law to jury credibility determinations, we find ample evidence to support the jury's verdict, and the OCCA did not make an unreasonable determination of the facts in so finding. Mr. Watson's final claim therefore suffers the same fate as the first three, and we accordingly **DENY** Kenneth Watson's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Patrick Fisher, Clerk

-15-